## GRAY v. COAN.

1. **Equitable jurisdiction:** VEXATIOUS LITIGATION. A court of equity will not interfere to restrain causeless and vexatious litigation, even when prosecuted by irresponsible parties, against whom costs could not be collected.

2. —— MULTIPLICITY AND REPETITION OF SUITS. While equity will interfere to prevent multiplicity of suits, it will not to prevent the repetition of a suit where a judgment rendered in one action could be pleaded in bar to a second one.

3. **Judgment:** IN ACTION OF RIGHT. Under our statute (Rev., §§ 3582, 3583) a judgment in an action of right is as conclusive as a plea in bar as one rendered in any other action.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, APRIL 9.

ACTION AT LAW, wherein an equitable answer and cross-bill were filed. A decree was rendered for defendant; plaintiff

appeals. The facts necessary to an understanding of the points ruled are set out in the opinion.

*D. Gray* for the appellant *pro se.*

*Walter I. Hayes* for the appellee.

BECK, Ch. J. — Plaintiff commenced an action in the district court to recover certain lots in the city of Clinton. Defendant filed an equitable answer and cross-petition denying the allegations of plaintiff's petition and setting up grounds of affirmative relief. He alleges that he holds the title of the property in controversy; that plaintiff has heretofore brought divers suits in the name of his wife, under the same chain and claim of title to recover the property, all of which have been determined against him; that plaintiff has received deeds in order to prosecute this suit for the purpose of harassing defendant and beclouding his title, and that he is irresponsible and insolvent and the costs of the suit cannot be collected from him. The relief claimed is that the title to the lots in question be quieted in defendant, and that plaintiff may be enjoined from prosecuting any action to recover the same and from making any conveyance of the property. Plaintiff replied to these pleadings setting up proper matter in defense and filed exceptions thereto in the nature of a motion to dismiss. By agreement the cause was transferred to the circuit court. The cause coming on for hearing plaintiff dismissed his petition, but the trial was continued upon defendant's cross-petition, plaintiff appearing therein. The court, finding the allegations of the cross-petition to be sustained, granted the relief prayed for by defendant.

Waiving the consideration of the questions raised as to the jurisdiction of the circuit court, and conceding, for the purpose of this case, that it did possess jurisdiction if the cross-petition presented a proper case of chancery cognizance, we think the decree cannot be sustained.

The defendant bases his claim to relief on the ground that he holds the title to the lot in dispute; that plaintiff, in the name of his wife, has prosecuted suits to recover the property against him and has been defeated; that he has received a conveyance for the purpose of bringing this suit and now prosecutes it, claiming upon the same chain of title under which he sought to recover in the prior suits, and that he is insolvent and the costs cannot be collected of him.

He shows that he has a good defense at law. The former judgments in his favor, according to his own showing, would bar recovery in this case. Rev. §§ 3582, 3583. We do not understand that equity will interfere in order to restrain causeless and vexatious litigation even when prosecuted by irresponsible parties.

To prevent a multiplicity of suits equity will interpose its authority, but this rule is not to be understood as applying to the case of the repetition of a suit, certainly not when the judgment rendered in one action will bar the other actions brought to enforce the same rights.

After the title to land has been settled by an action of ejectment and the rights of the parties determined thereby chancery will restrain the prosecution of subsequent actions of the same character. But its authority is exercised on the ground that the rights of the parties have been determined by the judgment at law which is not conclusive and does not bar other actions. But the reason of this rule having no existence under our statutes governing actions to recover lands, the action of ejectment being here unknown, the rule itself cannot be applied and parties thereunder be here restrained from the prosecution of actions which are barred by former judgments. We are, therefore, of the opinion that defendant's cross-petition presented no case of equitable cognizance.

Reversed.