Patterson & Co. v. Seaton, Sheriff.

*2. PRACTICE: court not bound by its own rulings.*

PATTERSON & CO. v. SEATON, SHERIFF.

1. **Replevin:** OF GOODS SEIZED BY ATTACHMENT: NO BAR TO OTHER ATTACHMENTS: INTERFERENCE OF CHANCERY.   Where plaintiffs recovered of the defendant by writ of replevin goods which he as sheriff had seized upon an attachment, *held* that the defendant was not thereby barred from again seizing the goods upon other attachments placed in his hands by persons not parties to the replevin suit, and that a temporary injunction restraining him from such second seizure was properly dissolved upon further hearing.   Such successive attachments are not vexatious in any such sense that chancery will interfere to restrain them.

*Appeal from Linn District Court.*

TUESDAY, JUNE 10.

APPEAL from an order dissolving an injunction allowed by the judge of the district court at chambers.   Plaintiffs appeal. The facts of the case fully appear in the opinion.

*J. B. Young* and *W. G. Thompson*, for appellants.

*Davis & Brooks* and *F. C. Hormel*, for appellee.

BECK, J.—I. The petition alleges that plaintiffs are the owners of a certain stock of merchandise, which was seized upon a writ of attachment issued against Patterson & Smith. Subsequently to this seizure, plaintiffs brought an action of replevin against defendant, who, as sheriff, had seized the goods, and they were delivered to plaintiffs upon a writ issued in that case. A bond as required by law was given by plaintiffs for the return of the property, in a penalty of twice its value. After this, other creditors of Patterson & Smith brought actions, wherein attachments were issued and delivered to defendant, which he is now threatning and seeking to serve upon the same goods which were delivered to plaintiffs in the action of replevin. It is alleged that, if defendant is permitted to seize the property upon the attachment, it would be lost to plaintiffs, and their business would be ruined, and they would be subject to expense and unnecessary litigation. It is also averred that Patterson & Smith had not, when the goods were seized upon the attachment first issued, and have not now, any property, interest or claim therein, and that they are now owned by plaintiffs. Plaintiffs finally allege "that they have no speedy or adequate remedy at law, by which they can protect their rights." Plaintiffs pray that defendant be restrained from levying the attachments upon the goods in question until the replevin suit be determined. An injunction was allowed upon the petition, which, in vacation, was dissolved by the judge allowing it at chambers, on a motion by defendant, based upon the ground that plaintiffs have a plain, speedy and adequate remedy at law, and that the facts alleged in the petition do not entitle plaintiffs to the relief demanded. From this order plaintiffs appeal.

II. We know of no rule of law or practice of the court of chancery which will award to plaintiffs the relief sought in

their petition upon the facts therein alleged. Under the writ issued in the action of replevin, the possession of the goods was restored to plaintiffs, who thereafter held them by no other or different right than they possessed before the goods were attached. The replevin proceedings did not exempt them from seizure in an action at law to determine plaintiffs' right or title thereto, and to subject them to the debts of the real owner, should plaintiff be found not to own them. Plaintiffs, surely, by virtue of the replevin proceedings, to which the creditors prosecuting the actions subsequently commenced were not parties, could not defeat the right of these creditors to test the title of plaintiffs; and, if it should be found they held none, to subject the goods to their debts.

III. Counsel insist that these creditors could have enforced their rights against the property by process of garnishment against plaintiffs. Doubless, proceedings of that kind could have been maintained at the option of the creditors, but they do not constitute their exclusive remedy. Nor, in truth, would they be the most effective remedy, for the reason that the goods themselves would not be reached, and the creditors would gain no other security than would be attained by a personal judgment against the plaintiffs.

IV. Counsel for plaintiffs complain that the attachment proceedings are vexatious, and, unless enjoined, will work hardship to plaintiffs. They are surely not vexatious in the sense of the term as applied to actions without merit, or brought to harass the defendants therein, which will be restrained by chancery. And it may be that plaintiffs may, in the course of the prosecution of the suit, suffer hardships. But it often happens that, in the enforcement of remedies in the courts, hardships are endured by one or both parties. It is a real hardship for a litigant to be required to defend an action which ultimately fails for want of merit, or to prosecute one in order to recover his rights. But these things are inseparable from litigation, and the courts can provide no remedy against them. And, while remembering the hard-

ships which plaintiffs may suffer by the attachment proceedings sought to be enjoined, we must not forget the hardships that would be entailed upon the creditors, if we should grant to plaintiffs the relief they pray for in their petition. We reach the conclusion that the judge of the district court rightly sustained defendant's motion to dissolve the injunction.

AFFIRMED.