B. F. JONES, Appellant, v. F. T. HUGHES.

**Injunction:** RESTRAINING PROCEEDINGS IN ANOTHER STATE. Courts of equity of this state have power to render decrees *in personam* restraining a defendant from proceeding in the courts of another state, where some evasion of the laws of this state intended to regulate the relations of its citzens to each other in some definite manner is threatened; but they are reluctant to interfere with the unquestioned right of a citizen to enter the courts of another state to secure such rights as may there be available to him, and will not scrutinize his motives in so doing.

**Same.** The fact that a resident of this state may secure some advantage in another state, by bringing his suit against a resident defendant in that state, is not ground for equitable interference with the right to sue in any court having jurisdiction and competent to afford relief.

**Same.** The mere bringing of suit against a resident defendant in another state, and the attachment of property situated there, is not such unjustifiable annoyance and harassment as to warrant an interference by the courts of this state.

**Same:** MULTIPLICITY OF SUITS. Equity will not interfere by injunction to restrain causeless and vexatious litigation; nor does its jurisdiction to prevent a multiplicity of suits apply to the repetition of a suit.

**Same:** REMOVAL OF CAUSES: ABATEMENT. The statute authorizing the removal of a cause to the county of defendant's residence has no application to a suit brought in another state; and can not be construed so as to prohibit the bringing of a suit in another state. Nor do the provisions for abatement of actions on the ground of another action pending apply to an action pending in another state.

*Appeal from Lee District Court.*—HON. W. S. HAMILTON, Judge.

MONDAY, OCTOBER 21, 1912.

THIS is an action in equity to enjoin the prosecution by defendant against plaintiff of a suit, aided by attachment, in a court of Missouri to recover damages for slander and malicious prosecution for words spoken and acts done in Lee county of this state, of which county the plaintiff and defendant are both residents. After the filing of an answer, the court, on motion, dissolved a preliminary injunction which had been granted on plaintiff's application, and from such order the plaintiff appeals.—*Affirmed.*

*Herminghausen & Herminghausen, B. F. Jones,* and *Bernard A. Dolan,* for appellant.

*Hughes & McCoid,* for appellee.

McCLAIN, C. J.—The case as presented involves the question whether a court of equity in this state may, in a suit by a citizen of the state brought against another citizen of the state, enjoin the prosecution in a court of another state of an action to recover damages for personal wrongs committed in this state. In order to discuss this question with reference to its proper solution under the facts appearing in this case, the following statement of the circumstances will be sufficient:

In November, 1909, an action entitled "R. C. McIlwain and Felix T. Hughes v. William Sinton, B. A. Dolan and B. F. Jones" was brought in the superior court of the city of Keokuk, in which it was alleged that the defendants, conspiring together and acting jointly and severally to injure the good name of the plaintiffs, maliciously prosecuted a suit in said court, which was afterwards dismissed, and spoke of and concerning the plaintiffs certain false and slanderous words. In April following, and while the action in the superior court at Keokuk was still pend-

ing, Felix T. Hughes, as sole plaintiff, instituted an action added by attachment against B. F. Jones as sole defendant in the circuit court of Clarke county, Mo., alleging substantially the same wrongs, and asking the recovery of the same damages as were made the basis of the action in the superior court of Keokuk. Under the attachment land of the defendant was seized in Missouri. Thereupon B. F. Jones, the sole defendant in the action brought in Missouri and one of the joint defendants in the action instituted in the superior court of Keokuk, brought this action in equity against Felix T. Hughes, the sole plaintiff in the action brought in Missouri and one of the joint plaintiffs in the action brought in the superior court of Keokuk to enjoin said Felix T. Hughes from maintaining his action in Missouri, alleging as ground for such relief the pendency of the action in this state; that both he and defendant are residents of Keokuk; that plaintiff has unincumbered property in that city of considerable value; that the cause of action alleged in the Missouri court was based solely upon facts that happened and arose in Lee county (in which the city of Keokuk is situated); that by the laws of Missouri the attachment upon the plaintiff's land there situated had become effectual as a lien without the giving of any bond, and that defendant instituted said action and obtained said attachment against the plaintiff's land in Missouri for the sole purpose of harassing, annoying, and worrying the plaintiff by putting him to great expense in defending said action in another state; and further, that the object of instituting the action in Missouri was to take advantage of a rule of law recognized in the courts of Missouri by which a recovery could be had for malicious prosecution which could not be had by the rules of law recognized on the same subject in the courts of Iowa. On the prayer of the plaintiff a preliminary injunction was granted; whereupon defendant answered under oath, denying any intent or purpose of harassing and annoying the plaintiff by the institu-

tion of the suit in Missouri, and denying that the rules of law recognized in Missouri with reference to the recovery of damages for malicious prosecution were any more favorable to the plaintiff in such a suit than those recognized in the courts of Iowa. There are also allegations in the answer as to the joinder of plaintiffs and defendants in the action in the superior court of Keokuk, which are not material in the view which we take of the case. On the filing of his answer, the defendant moved to dissolve the preliminary injunction for various reasons, which, so far as it is necessary to notice them, relate to the jurisdiction of the courts of one state to interfere with the prosecution of actions between its own citizens in another state and the propriety of doing so under the circumstances which are developed in this case. Although the appeal is one from the dissolution of a temporary injunction, the argument extends to the ultimate question of the right of the plaintiff to have the final relief prayed in his petition.

There can be no controversy as to the jurisdiction of a court of equity to render a decree *in personam* against a defendant enjoining him from resorting to the courts of another state. Such jurisdiction does not involve in any sense the exercise of a supervisory jurisdiction over the courts of another state, but only a supervisory jurisdiction over the acts of the defendant threatening injury to the plaintiff. Such power "proceeds from the undoubted authority that a court of equity possesses over persons within its jurisdiction to restrain them from doing anything that is contrary to equity and good conscience, to the wrong and injury of others, whether the threatened inequitable conduct consists in the prosecution of an action or whatever it may happen to be. The court of equity thus appealed to acts *in personam,* and it is immaterial whether the threatened inequitable conduct is to be carried on within or without the

*1. INJUNCTION: restraining proceedings in another state.*

"limits of the jurisdiction." *Bigelow v. Old Dominion, etc., Co.,* 74 N. J. Eq. 457 (71 Atl. 153).

But conceding the jurisdiction of the court to thus enjoin, and bring within the control of its process, the prosecution of a suit in the courts of another state, the question still remains whether in a particular case the court should exercise that power. As expressing quite clearly the considerations that will control in this respect, we indulge ourselves in further quotation from the opinion of Chancellor Pitney in the case just cited, which was a case in which the New Jersey court of equity was asked to enjoin proceedings in a court of the commonwealth of Massachusetts having adequate jurisdiction to determine the rights of the parties in the case there pending: "But on general principles equity will not interfere with the right of any person to bring an action for the redress of grievance—the right preservative of all rights—except for grave reasons, and on grounds of comity the power of one state to interfere with a litigant who is in due course pursuing his rights and remedies in the courts of another state ought to be sparingly exercised. . . . They must be very special circumstances that will justify this court in restraining the prosecution of an equitable action already pending in a court of such ample jurisdiction. I speak not of any limitation upon the power of this court, but upon the propriety of its exercise in the particular case. Its exercise is not to be properly based upon any theory that this court knows better how to do justice than the court of last resort of that commonwealth; that it can weigh evidence better or more justly apply to the facts any general principle of law or equity, nor upon the ground that this court recognizes different rules of law or of equity from those which obtain in the commonwealth." The Chancellor then proceeds at considerable length to discuss the cases in which courts of equity have felt authorized to restrain the prosecution of actions in the courts of another jurisdiction, and concedes that they

have the power. to do' so on various grounds enumerated, among which are that the suit in the foreign jurisdiction is in contravention of the rights of creditors who are pursuing their remedies in the jurisdiction in which an injunction is asked, and that the defendant is resorting to a suit in a foreign jurisdiction in order to evade some distinct prohibition of the local law of the common domicile, or is attempting to unjustly harass or oppress his debtor to his irreparable injury.

Within these classes of cases fall nearly, if not quite, all the precedents relied upon for the appellant. Thus it has been held that a creditor will not be allowed to resort to another jurisdiction in order to defeat the benefits which are guaranteed to his debtor by the exemption laws of the state. *Teager v. Landsley,* 69 Iowa, 725; *Keyser v. Rice,* 47 Md. 203 (28 Am. Rep. 448). An attempt to evade the effect of the violation of a state statute as to the sale of patent rights was enjoined in *Sandage v. Studbaker Bros. Mfg. Co.,* 142 Ind. 148 (41 N. E. 380, 34 L. R. A. 363, 51 Am. St. Rep. 165). An attempt to evade the effect of the insolvent laws of the state was enjoined in *Dehon v. Foster,* 4 Allen (Mass.) 545. And to the same effect, see *Cole v. Cunningham,* 133 U. S. 107 (10 Sup. Ct. 269, 33 L. Ed. 538). In *O'Connor v. Root,* 130 Iowa, 553, it was held that the creditor of an estate might be enjoined from resorting to a foreign administration for the purpose of evading the distribution of the property of the estate through a local administration. In *Miller v. Gittings,* 85 Md. 601 (37 Atl. 372, 37 L. R. A. 654, 60 Am. St. Rep. 352), a resident of the state was enjoined from prosecuting a suit in another state on a contract which was void by express provision of the state statutes relating to gambling transactions.

But beyond the prevention of some threatened evasion of the specific laws of the state intended to regulate the relations of its citizens to each other in some definite man-

ner, courts have been reluctant to interfere with the exercise of the undeniable right of a resident to go into courts of another state to secure such relief as may there be available to him, and have not felt justified in scrutinizing his motive in doing so. Thus it has been held that a resident creditor may rightfully pursue his legal remedy by attachment of property for debt in another state. *Jenks v. Ludden,* 34 Minn., 482 (27 N. W. 188).

And it seems to have been uniformly held wherever the ground for invoking relief by injunction was that, according to the general rules of law and practice in another state, the plaintiff would secure some advantage which he would not have if suit were brought in the state of his residence, this is no ground for interfering with the generally recognized right to sue in any court having jurisdiction of the cause of action and competent to afford relief. *Royal League v. Kavanagh,* 233 Ill. 175 (84 N. E. 178); *Carson v. Dunham,* 149 Mass. 52 (20 N. E. 312, 3 L. R. A. 202, 14 Am. St. Rep. 397); *Edgell v. Clarke,* 19 App. Div. 199 (45 N. Y. Supp. 979); *Bigelow v. Old Dominion, etc., Co., supra.* In the Massachusetts case just cited the court expressly refers to and limits the application of the cases of *Dehon v. Foster,* 4 Allen (Mass.) 545, and *Cunningham v. Butler,* 142 Mass. 47 (6 N. E. 782, 56 Am. Rep. 657), previously decided by that court, and sometimes cited in support of a broader rule, to the circumstances involved in those cases relating to an attempt to defeat the operation of the insolvent laws.

2. SAME.

While it has sometimes been stated in a general way that a resident creditor will be enjoined from resorting to the courts of another state for the purpose of annoying and harassing a resident debtor, we do not find any authority for holding that the mere bringing of suit against, and an attachment of property of a resident defendant in another jurisdiction constitutes such

3. SAME.

unjustifiable annoyance and harassment as to warrant the intervention of a court of equity.

In this state it has been held that a court of equity will not interfere by injunction to restrain causeless and vexa-tious litigation, and that the jurisdiction of equity to prevent a multiplicity of suits does not apply to the case of the repetition of a suit. *Gray v. Coan,* 36 Iowa, 296. To the same effect, see *Patterson & Co. v. Seaton, Sheriff,* 64 Iowa, 115. We ought to say with reference to the case before us that we have nothing but the statements of the plaintiff by way of his own conclusions that the sole purpose of the defendant in instituting the suit in Missouri was to harass, annoy, and worry the plaintiff by putting him to great expense, and compelling him to employ counsel, and bring his wit-nesses from the county of his residence into the county of Missouri in which the suit was instituted, and that these allegations are denied by defendant in his answer under oath, coupled with the statement that the county of Missouri in which the action was brought adjoins the county of the residence of the parties in Iowa.

4. SAME: multiplicity of suits.

Some other points made by counsel for appellant in argument may be briefly noticed. The statutory provision for removal of cases to the defendant's county of residence in this state when brought in another county of the state, such removal to be at the expense of the plaintiff on defendant's motion (see Code, section 3504), plainly has no bearing on the question now before us, as it would be impossible to remove to the county of defendant's residence a suit brought against the defendant in another state. The statutory provision can not be construed into a prohibition of the bringing of an action in the courts of another state against a resident of a county of this state. There was some effort to make it appear that this defendant instituted the suit in Missouri for the pur-pose of evading the statute of limitations; but the conten-

5. SAME: removal of causes: abatement.

tion is without merit. The suit in the superior court of Keokuk was instituted within the statutory period, and was still pending when suit was brought in the Missouri court; and the later action was instituted by suing out an attachment before the bar of the Iowa statute had accrued. There is no indication, therefore, of a purpose to evade the statute of limitation of this state. The objection that, when the action in Missouri was instituted, there was an action pending in this state to recover damages for the same wrongs, is without force.

The statutory provisions with reference to abatement on the ground of another action pending have no application to actions in another state. *Schmidt v. Posner*, 130 Iowa, 347. The objection is unfounded, in fact, for the reason that it appears that the defendant had caused the action in the superior court of Keokuk to be dismissed before the motion to dissolve the preliminary injunction was made.

No good reason appears in the record why this defendant should not be allowed to maintain his action in Missouri to secure any relief available to him there as against this plaintiff, and the trial court did not err therefore in dissolving the preliminary injunction.—*Affirmed*.