American Express Co. v. Fox.

AMERICAN EXPRESS Co. *v.* SAM FOX.

(*Jackson.* April Term, 1916.)

1. INJUNCTION. Foreign courts. Injunction against proceedings. Relief. Equitable remedies.

The courts of the forum may restrain a citizen of the State of the forum from prosecuting a suit against a citizen of the same State in a foreign State. (*Post, pp.* 490, 491.)

Cases cited and approved: Lockwood & Co. v. Nye, 32 Tenn., 515; Dehon v. Foster, 4 Allen (Mass.), 545; Cole v. Cunningham, 133 U. S., 107; Jones v. Hughes, 156 Iowa., 684; Freick v. Hinkly, 122 Minn., 24.

2. INJUNCTION. Relief Right to.

Defendant, a resident of Tennessee, will not be enjoined from suing a complainant in the State of Mississippi on a cause of action arising in Tennessee, because it would be to complainant's convenience to be sued in Tennessee, or because the rules of law in Mississippi are slightly different, for probably the laws of Tennessee would be applied, and such an injunction should be granted only in a very special case, and not one merely where the practice in two States differed. (*Post, pp.* 491-494.)

Cases cited and distinguished: Bigelow v. Old Dominion Copper Mining and Smelting Co., 74 N. J. Eq., 457; Jones v. Hughes, 156 Iowa, 684; Cole v. Young, 24 Kan., 435.

3. INJUNCTION. Relief. Right To.

The courts of the forum will not at the suit of a nonresident corporation which might remove a suit brought by a resident of the State to the federal courts, enjoin a resident from suing in a foreign State, for such corporation could not be compelled to submit to the jurisdiction of the local courts. (*Post, pp.* 494-498.)

Cases cited and approved: Turcott v. Railroad, 101 Tenn., 108; Adams v. Chattanooga Co., Ltd., 128 Tenn., 505.

FROM SHELBY

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— FRANCIS FENTRESS, Chancellor.

BURCH & MINOR and C. H. McKAY, for complainant.

W. G. CAVETT and H. S. BUCHANAN, for defendant.

MR. JUSTICE GREEN delivered the opinion of the Court.

Sam Fox, a citizen of Shelby county, Tenn., brought a suit for $20,000 damages for personal injuries in a circuit court of that county, against the American Express Company, a New York corporation or joint stock company, having an office and place of business in Shelby county, Tenn. The accident happened in Shelby county. This suit was removed to the district court of the United States at Memphis on petition of the American Express Company. Before trial in the federal court, Fox took a nonsuit.

Three months later, Fox began a new action on account of the same matters in the circuit court of De Soto county, Miss., for $3,000 damages.

This bill was filed by the American Express Company in the chancery court of Shelby county to enjoin the prosecution by Fox of his said damage suit in the circuit court of De Soto county, Miss. A demurrer was interposed by Fox, which was overruled by the chancellor and the injunction was granted as prayed. The court of civil appeals affirmed the chancellor's decree, and the case is before us on a petition for *certiorari*, which has been granted.

Notwithstanding a *dictum* to the contrary in *Lockwood & Co.* v. *Nye,* 32 Tenn. (2 Swan), 515, 58 Am. Dec., 73, we think there is no doubt that the courts of one State have the power in a proper case to restrain a citizen of that State from prosecuting a suit against another citizen of the same State in the courts of an-

other State. This jurisdiction rests on the theory that the injunction operates *in personam* and is not an interference with the proceedings of the courts of a sister State. High on Injunctions (4th Ed.), sections 103-107; Story's Eq. Jurisp. sections 899, 900; Pomeroy's Eq. Remedies, section 670.

Two of the leading cases in America announcing this rule are *Dehon* v. *Foster*, 4 Allen (Mass), 545, and *Cole* v. *Cunningham*, 133 U. S., 107, 10 Sup. Ct., 269, 35 L. Ed., 538. In the last case it was held that such proceedings were not in derogation of section 1, article 4, of the Constitution of the United States providing that full faith and credit shall be given in each State to the judgments of another State.

This question has received elaborate consideration in recent years and the cases on the subject are collected and classified in notes in 10 Amn. Cas. 26, 21 L. R. A. 71, and 25 L. R. A. (N. S.), 267. Two recent cases are *Jones* v. *Hughes*, 156 Iowa, 684, 137 N. W., 1023, 42 L. R. A. (N. S.), 502; *Freick* v. *Hinkly,* 122 Minn., 24, 141 N. W., 1096, 46 L. R. A. (N. S.), 695. It appears, from an examination of the authorities referred to, that injunctions have been granted against suits in the courts of another State to prevent embarrassment, oppression, or fraud, to prevent evasion of domiciliary laws, where insolvency proceedings are pending, where the local court had prior jurisdiction, and perhaps other cases.

The decisions do not appear to be altogether agreed as to what circumstances justify such relief. It would be perhaps impossible to state a rule to which all the cases would conform. We are impressed with the idea that such injunctions have in some of the cases been improvidently granted.

We indulge ourselves in quotations from the opinions of three eminent judges who have had occasion to consider this jurisdiction of courts of equity.

Chancellor Pitney, of New Jersey, observed:

"But on general principles, equity will not interfere with the right of any person to bring an action for the redress of grievance—the right preservative of all rights—except for grave reasons, and on grounds of comity the power of one State to interfere with a litigant who is in due course pursuing his rights and remedies in the courts of another State ought to be sparringly exercised. . . . They must be very special circumstances that will justify this court in restraining the prosecution of an equitable action already pending in a court of ample jurisdiction. I speak not of any limitation upon the power of this court, but upon the propriety of its exercise in the particular case. Its exercise is not to be properly based upon any theory that this court knows better how to do justice than the court of last resort of that commonwealth; that it can weigh evidence better or more justly apply to the facts any general principle of law or equity, nor upon the ground that this court recognizes different rules of law or of equity from those which obtain in the commonwealth." *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 74 N. J. Equity, 457, 71 Atl., 153.

Chief Justice McClain of Iowa said:

"But, beyond the prevention of some threatened evasion of the specific laws of the State intended to regulate the relations of its citizens to each other in

some definite manner, courts have been reluctant to interfere with the exercise of the undeniable right of a resident to go into the courts of another State to secure such relief as may there be available to him, and have not felt justified in scrutinizing his motive in doing so." *Jones* v. *Hughes,* 156 Iowa, 684, 137 N. W., 1023, 42, L. R. A. (N. S.), 502.

Judge Brewer, while on the supreme court of Kansas, used this language:

"The question is: Under what circumstances will a court of equity restrain a party from invoking the aid of the courts and processes of another State? It certainly will not do that, simply to compel him to carry on his litigations at home. It will not act upon the basis of any distrust of the courts of a sister State." *Cole* v. *Young,* 24 Kan., 435.

Tested by the rules expressed in the above quotations from these three learned jurists, we think that the bill of complaint does not state a case which entitles it to the relief here sought.

It is said for the complainant that it will be unable to compel the attendance of any of its witnesses in the Mississippi court and unable to procure the attendance of some of them; that Fox's contributory negligence will only mitigate his damages in Mississippi and will not bar his recovery there as it would in Tennessee; that in Mississippi all questions of negligence and contributory negligence must go to the jury, while in Tennessee a defendant is entitled to peremptory instructions as to these matters, under certain circumstances. Other

reasons are set out why it would be more convenient for the complainant, and more to its advantage, to have Fox's damage suit tried in Tennessee. While some of the decided cases would apparently justify an injunction in favor of the complainant, we do not think it entitled to such relief on the showing it has made. So far as we can see, every defense available to the American Express Company against this damage suit in Tennessee will likewise be available to it in Mississippi. The accident occurred in Tennessee, and Tennessee law will doubtless be applied. The fact that the procedure in Mississippi differs somewhat from procedure in Tennessee does not authorize the exercise of the jurisdiction invoked. We cannot doubt that justice will be administered in the Mississippi courts, nor would we feel authorized in restraining the suit in Mississippi merely because it is more convenient for the complainant to litigate such matters in Tennessee, or because our practice may be more favorable to it. It may be more convenient for Fox to litigate in Mississippi, and more to his advantage. We see no evidence of fraud or oppression, nor any attempt to evade domiciliary laws.

What we have heretofore said, however, is not absolutely necessary to a decision of this case. Such injunctive relief as is here sought by the complainant, in all the cases to which our attention has been called, has been accorded to citizens of a particular State in proceedings against citizens of the same State. We know of no case, reaching a court of last resort, where an

injunction has been issued in behalf of a nonresident by the courts of any State to restrain a citizen of that State from suing the nonresident in another State.

We are not aware that this identical question has heretofore arisen, but we think there are very good reasons why the jurisdiction invoked should not be exercized in favor of a nonresident, at least in a case involving such facts as the present one.

We pass the suggestion that the courts of a given State have enough to do when they protect the rights of their own citizens and citizens of other States within their borders. It is obvious, however, that our citizens should not be restrained from asserting their rights against any person in other forums, and compelled to litigate with such person in our own courts, unless we can also restrain that person from litigating elsewhere, and force him to yield to the jurisdiction of our courts.

From the statement of the case, it appears that the American Express Company has not been willing to submit its rights to the courts of Tennessee in the matter of Fox's claim for damages. Fox first sued the complainant in the circuit court of Shelby county, and the complainant—the defendant in that suit—forthwith removed the case to the federal court. If we enjoin Fox's suit in Mississippi and he brought another suit in the Tennessee courts for more than $3,000 or for $20,000, we would be utterly without power to compel the American Express Company to surrender to this jurisdiction. It would be entitled by reason of diverse

citizenship to remove the controversy to the courts of the United States, and judging from its previous course, the American Express Company would do that very thing.

If the case were removed to the federal court, Fox would be inconvenienced in certain particulars, just as the complainant claims it will be inconvenienced by the suit in Mississippi. The *quantum* of evidence necessary to take the case to the jury is greater in the federal courts than in the Tennessee courts. The fellow-servant rule has broader application in the federal courts. Proceedings in the federal courts are more expensive and cannot be carried on upon the oath of a poor person.

It is true that inasmuch as the complainant has qualified to do business in Tennessee, it is a resident of Tennessee for certain purposes. *Turcott* v. *Railroad,* 101 Tenn., 108, 45 S. W., 1067, 40 L. R. A., 768, 70 Am. St. Rep., 661; *Adams* v. *Chattanooga Co.,* Ltd., 128 Tenn., 505, 161 S. W., 1131. The American Express Company, nevertheless, is still a resident of the State of New York for jurisdictional purposes, so as to enable it to remove this controversy to the courts of the United States.

Inasmuch, therefore, as we would be unable to compel the complainant to submit to our jurisdiction, should we enjoin Fox's suit in Mississippi, we must decline for that reason, if for no other, to grant the relief here sought. The result would be an injustice to a citizen of this State. It would force him without doubt

American Express Co. v. Fox.

to suffer much of the very trouble and inconvenience which the complainant seeks to obviate for itself.

The decree of the court of civil appeals and the decree of the chancellor will be reversed, and the bill dismissed at complainant's cost.

### ON PETITION TO REHEAR.

A petition to rehear is filed, which points out that the case was submitted on demurrer to the complainant's bill, and challenges the accuracy of the statement in the opinion that "no fraud or oppression nor any attempt to evade domiciliary laws" appears, on the part of defendant herein. If it be conceded that on the former hearing the court did not give adequate force to certain charges of the bill confessed by the demurrer, nevertheless the result must remain the same. As noted in the opinion, that portion critized as just indicated was not "absolutely necessary to a decision of this case."

We remain unshaken in the belief that such an injunction as is herein sought should not be granted to a nonresident complainant under the circumstances appearing in this case. The observation in the opinion that litigation might not be pursued in the courts of the United States upon the pauper's oath was founded upon the practice that has prevailed therein within the knowledge of the writer. Our attention is moreover called to a rule of the federal district court for the Western Division of Tennessee, absolving the clerk of that court from the duty of docketing any case until

135 Tenn.—32

the plaintiff makes a deposit to cover costs. Whether such practice and rule be authorized by federal law, it is not for us to say. This matter is not determinative of the controversy before us.

We are the better satisfied upon reconsideration that we properly decided this case, and the petition to rehear is dismissed.