AMERICAN SEEDING MACH. CO. et al. v. DOWAGIAC MFG. CO.

(Circuit Court of Appeals, Sixth Circuit.   April 3, 1917.)

No. 2980.

1. COURTS ⬤═508(1), 526—INJUNCTION—SUBJECTS OF RELIEF—PROSECUTION OF PENDING SUITS.

It is the general rule that one will not be restrained by injunction from proceeding with a pending suit in equity in the courts of another jurisdiction, either state or federal, unless it clearly appears that complete relief cannot be obtained in such pending suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418, 1449.]

2. COURTS ⬤═526—SUBJECTS OF RELIEF—PROSECUTION OF PENDING SUITS.

The owner of a patent recovered a decree against the manufacturer of infringing machines, with an accounting for profits. Pending the case it also commenced a suit against a jobber, to which the manufacturer had supplied infringing machines, which resulted in a decree, with a reference for an accounting. *Held*, that there was no ground upon which a court of another jurisdiction could properly enjoin such accounting at suit of the manufacturer; the matter being one to be dealt with by the court in which the infringement suit was pending.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1449.]

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit in equity by the American Seeding Machine Company and others against the Dowagiac Manufacturing Company. Decree for defendant, and complainants appeal. Affirmed.

Border Bowman, of Springfield, Ohio, for appellants.
F. L. Chappell, of Kalamazoo, Mich., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and EVANS, District Judge.

KNAPPEN, Circuit Judge. Appeal from decree dismissing bill of complaint. The situation out of which this suit arose is this: In the year 1900 the Dowagiac Manufacturing Company brought suit in the Circuit Court of the United States for the Western District of Kentucky, for the infringement of the Hoyt patent of February 10, 1891, on grain drills, and asking accounting for both profits and damages. In 1904 the Circuit Court found the patent infringed, but awarded only nominal damages and no profits. June 18, 1908, this court, on appeal from the decree of the Circuit Court, awarded the Dowagiac Company approximately $17,000 profits, plus interest and costs, upon an accounting covering a period from August 1, 1894, to June 30, 1903. Brennan & Co. v. Dowagiac Mfg. Co., 162 Fed. 472, 89 C. C. A. 392. Although, as appears from the opinion of this court, there was evidence in the record upon the subject of damages, that subject was not considered because of an inference drawn from brief that damages, as distinguished from profits, were not intended to be urged. Included in

the profits so recovered by the Dowagiac Company from Brennan & Co. were profits made by the latter on certain drills supplied by them to their Northwestern jobbers, the Deere & Webber Company; but the profits made by the jobbers (who, indeed, were not parties to the litigation) were not included in the recovery.

In September, 1908, this decree for profits was paid by Brennan & Co. and the American Seeding Machine Company, which had succeeded to the business of Brennan & Co. Meanwhile, in 1905, during the progress of the accounting in the circuit court in the suit of Dowagiac Mfg. Co. v. Brennan & Co., but before review by this court, suit was begun by the Dowagiac Company against the Deere & Webber Company in the Circuit Court for the District of Minnesota for infringement of the same Hoyt patent. In that suit the Circuit Court rendered decree for injunction and accounting in February, 1906, and this decree was affirmed by the United States Circuit Court of Appeals for the Eighth Circuit on April 1, 1907. Deere & Webber Co. v. Dowagiac Mfg. Co., 153 Fed. 177, 82 C. C. A. 351. The Circuit Court made the usual reference to a master to take an account, presumably of both profits and damages, but nothing has been actually done under the reference. The Dowagiac Company having threatened to proceed with the accounting, the bill in the instant case was filed March 4, 1916, by the Seeding Company and Brennan & Co., setting up the foregoing facts, alleging that the Deere & Webber Company and Brennan & Co. were joint infringers of the Hoyt patent with respect to the drills in issue in the Minnesota case, and that the recovery of profits had by the Dowagiac Company in its suit against Brennan & Co. operated as a satisfaction of the Dowagiac Company's claim against the Deere & Webber Company, both for profits and damages, on account of their infringement, and asking injunction restraining the Dowagiac Company from further proceeding with the accounting against the Deere & Webber Company.

No application was made in this regard by plaintiffs in the Minnesota court to stay the accounting or otherwise. Defendant moved, under federal equity rule No. 29 (198 Fed. xxvi, 115 C. C. A. xxvi), to dismiss the bill of complaint so filed in the instant case, by reason of the pendency of the proceedings in the Deere & Webber Company Case, and on the ground that the Minnesota court has in that case complete jurisdiction over the subject-matter. Judge Sessions denied the injunction and dismissed the bill, on the ground that the application for stay of accounting should be made to the Minnesota court; hence this appeal.

The peculiar grounds for relief relied upon in the instant suit are, in addition to what has already been said, that the proposed accounting and examination of the books of the Deere & Webber Company will intimidate customers and jeopardize plaintiffs' relations with them; that in the sale of the drills in question by the Brennan Company to the Deere & Webber Company there was an implied warranty on the former's part that the machines could be sold and used free from interference; that the Deere & Webber Company threaten to hold

plaintiffs liable for damages if interfered with; and that the preventing of multiplicity of suits and the lack of adequate remedy at law, by way of practical, efficient, and prompt relief, call for the interposition of equity.

Plaintiffs do not deny that the Minnesota court has jurisdiction over the Deere & Webber Company suit, nor that the suit was duly brought and prosecuted to decree for injunction and accounting; and it is clear that the grounds for relief set up in the instant suit are available as a defense in the Minnesota suit, if anywhere; but plaintiffs insist that the District Court below has equal jurisdiction to grant the injunction prayed and that it is its duty to exercise that jurisdiction.

[1] It is the general rule, strongly fortified by both reason and authority, that one will not be restrained by injunction from proceeding with a pending suit in equity in the courts of another jurisdiction, either state or federal, except to prevent a manifest wrong or injustice, or, otherwise stated, unless it clearly appears that full and complete relief cannot be obtained in such pending suit. Ordinarily the court which first acquires jurisdiction retains it free from interference from other courts. Carroll v. Farmers' & Merchants' Bank, Har. (Mich.) 197, 204; Bigelow v. Old Dominion Copper Co., 74 N. J. Eq. 457, 474, 71 Atl. 153, and following; Freick v. Hinkly, 122 Minn. 24, 27, 141 N. W. 1096, 46 L. R. A. (N. S.) 695; Royal League v. Kavanagh, 233 Ill. 175, 84 N. E. 178; Gray v. Railway Co., 151 Ala. 215, 43 South. 859, 11 L. R. A. (N. S.) 581; Jones v. Hughes, 156 Iowa, 684, 687, 137 N. W. 1023, 42 L. R. A. (N. S.) 502, and following; Carson v. Dunham, 149 Mass. 52, 20 N. E. 312, 3 L. R. A. 202, 14 Am. St. Rep. 397; Ambursen Co. v. Northern Co., 140 Ga. 1, 78 S. E. 340, 47 L. R. A. (N. S.) 684. The question is not so much one of jurisdiction as of the propriety of exercise of jurisdiction in the given case.

[2] The instant case is not brought within any of the usually recognized exceptions to the general rule invoked. The Minnesota suit was not brought in attempted evasion of laws existing in this jurisdiction, nor within the rule which sometimes protects a prior jurisdiction in the local court. Not only had the court below never acquired jurisdiction over the Deere & Webber Company suit, but that suit was brought even before the decision of this court in the Brennan suit. No reason is apparent why the Minnesota District Court cannot and will not do complete justice between the parties, nor why the relief it can give may not be as prompt and effective as that available in the court below.

We see no merit in the suggestion that the latter court has jurisdiction because the threatened interference with plaintiffs' trade relates to machines for whose infringement we have held plaintiffs liable as trustees. In our opinion the principle recognized in Kessler v. Eldred, 206 U. S. 285, 27 Sup. Ct. 611, 51 L. Ed. 1065, and Goodyear Co. v. Rubber Tire Co. (C. C.) 164 Fed. 869, is not applicable. Nor can we see any pertinency in the fact that the United States Circuit Court of Appeals for the Eighth Circuit has, in a given case, refused to apply to an infringer the rule of liability as trustee adopted by this court in Dowagiac Co. v. Brennan. Dowagiac Co. v. Minnesota Plow Co., 183

Fed. 314, 105 C. C. A. 526; Id., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398. For a statement of the distinction between the two cases see 235 U. S. 644, 35 Sup. Ct. 221, 59 L. Ed. 398.

The argument that intervention in the Deere & Webber suit is not matter of right does not seem to us a controlling consideration. If permission to intervene is discretionary with the Minnesota court, we should not take jurisdiction merely because of an apprehension that that court may not exercise its discretion in plaintiffs' favor; and if the right has otherwise been lost, we surely should not be asked to interfere on that account. As said by Chancellor (now Mr. Justice) Pitney, in Bigelow v. Old Dominion Copper Co., in discussing the propriety of exercise of power to interfere, with the courts of Massachusetts:

"Its exercise is not to be properly based upon any theory that this court knows better how to do justice than the court of last resort of that commonwealth; that it can weigh evidence better or more justly apply to the facts any general principle of law or of equity, nor upon the ground that this court recognizes different rules of law or of equity than those which obtain in the commonwealth."

See, also, in this connection, Royal League v. Kavanagh, supra; Carson v. Dunham, supra; Jones v. Hughes, supra.

However, assuming, for the purposes of this opinion, that the court below might properly take jurisdiction of plaintiffs' bill, if their right to relief were so clear, and the awarding thereof so much a matter of course, that it must be presumed that the Minnesota court would grant it, and thus no appreciable conflict of jurisdiction be created, such is not the case presented. In the Michigan case the Dowagiac Company recovered no damages of any kind against the Brennan Company; the Deere & Webber Company's profits on the sale of the drills in question were not taken into account; the Deere & Webber Company is alleged to have made a profit at least, if not to be liable for damages on account of their sales of the drills in question. In this situation, plaintiffs' right to the relief asked is at least not indisputable. Kissinger-Ison Co. v. Bradford Belting Co. (C. C. A. 6) 123 Fed. 91, 59 C. C. A. 221; Kryptok Co. v. Stead Lens Co., 190 Fed. 767, 111 C. C. A. 495, 39 L. R. A. (N. S.) 1; Birdsell v. Shaliol, 112 U. S. 485, 5 Sup. Ct. 244, 28 L. Ed. 768; Wagner v. Meccano Co., 239 Fed. 901, —— C. C. A. ——, decided by this court February 6, 1917. Further than this we express no opinion upon the question of plaintiffs' right to relief.

Finding no considerations which take the instant case out of the general rule on which the District Court based its decision, the judgment of that court is affirmed.