GEORGE C. MILLER, Appellant, v. M. W. ELLIS, Receiver, et al:, Appellees.

No. 46025.

OCTOBER 20, 1942.

Elmer L. Hunt, of Creston, for appellant.

Kenneth H. Davenport, of Creston, for appellees.

OLIVER, J.—In 1932, Farmers & Merchants Savings Bank, Creston, Iowa, instituted suit to foreclose a mortgage upon certain land in Union county, Iowa, owned by appellant, George C. Miller. In 1933, the superintendent of banking was appointed

receiver of said bank by the Union district court, and in said capacity prosecuted the foreclosure suit. Thereafter, appellant filed in federal court his debtor's petition, under section 75 of the National Bankruptcy Act [11 U.S.C., section 203(c)], and scheduled said real estate therein. Early in 1936, the bankruptcy court entered an order rejecting said real estate and authorizing and permitting the receiver to proceed with the foreclosure. Foreclosure decree was entered in Union district court in 1936, and the property was sold under special execution. In 1937 appellant secured an extension of the period of redemption. In 1939 appellant instituted suit in the Union district court to cancel the decree of foreclosure. Said suit resulted in a decree adverse to appellant, on September 14, 1939. On March 9, 1939, sheriff's deed had issued to the receiver of the bank, and October 10, 1939, the receiver contracted to sell said land to appellees Fred W. Day and Margaret S. Day. This contract, which was approved by the court, made reference to a threatened appeal from the decree and required the receiver to furnish a merchantable title to said land. Thereafter, Miller appealed the case he had brought and the decree was affirmed by this court. Miller v. Bates, 228 Iowa 775, 292 N. W. 818. On the date the procedendo was to issue from this court, appellant filed in federal court his petition to set aside the order of dismissal and rejection of said real estate entered by said bankruptcy court in 1936. This application was resisted by the receiver, was denied September 13, 1940, and an attempted appeal to the circuit court of appeals was dismissed April 14, 1941. On April 21, 1941, appellant instituted this suit. Prior to the trial of this case the receiver had disposed of all the assets of the receivership except the funds to be received by him for distribution to the stockholders of the bank upon completion of the sale of the real estate in question and this was the only matter preventing the closing of the receivership.

I. Appellant predicates error upon the portion of the decree which quiets title against him. This assignment of error is without merit. The original mortgage-foreclosure proceedings against him were regular and were adjudicated to be valid in the subsequent suit brought by appellant, which was appealed to this court. Clearly, all of appellant's rights and interest in the

land were divested by the sheriff's deed issued under said foreclosure.

The contract for deed, made by the receiver with appellees Fred and Margaret Day, is in the customary form and was approved by the court. Under said contract the receiver agreed to convey the land, with a provision for cancellation if, as a result of the anticipated appeal, the receiver should be unable to furnish a merchantable title. Inasmuch as the decree was affirmed upon appeal that provision did not take effect. The instrument is not an option. It is a valid and enforceable contract for deed. Unquestionably, the ownership in and title to the land is in the receiver of the bank and the vendees and was properly quieted in them against the adverse claims of appellant.

II. Appellant assigns error to the injunctive part of the decree, which restrained him from claiming or asserting, in court or elsewhere, any right, title, or interest in said real estate. He asserts he acted in good faith throughout the litigation.

It is not improper for a defendant to contest a foreclosure suit, to secure continuances and extensions of the period of redemption permitted by statutes, and to attempt to avail himself of the benefits of the National Bankruptcy Act. And we do not imply any impropriety in appellant's subsequent suit to test the validity of the foreclosure proceedings. Perhaps the attempt to reopen the bankruptcy proceedings would not in itself be indicative of lack of good faith. But the record here shows said attempt was made on the same day the former appeal to this court was terminated; that seven days after the circuit court of appeals dismissed his appeal in that case, he instituted the present suit, which, in view of the prior adjudications against him, was obviously without merit because he had no interest in the real estate and no right to question the validity of the contract for deed; and that, after appellees had answered and before trial, he voluntarily dismissed his suit without prejudice. Appellant makes no contention that there was good reason for this dismissal.

The litigation instituted and prosecuted by appellant has kept the title to the land under continuous assault. The practical result is that appellees Day have been unable to secure a title which they consider merchantable, and the receiver of the bank has been, and, until the litigation terminates will be, pre-

vented from closing his trust. The entire record justifies the conclusion that this case was not instituted in good faith but for the purpose of clouding the title to the land and embarrassing appellees and that appellant proposed to renew the litigation for said purpose.

It is generally held that equity may enjoin vexatious suits, not brought in good faith and instituted for annoyance or oppression or to cause unnecessary litigation. 32 C. J. 94, section 88; 28 Am. Jur. 249, section 52. However, this power will be exercised with caution and only in a clear case. The doctrine was applied in Benedict v. Hall Mfg. Co., 211 Iowa 1312, 1317, 236 N. W. 92, 94, in which an injunction to restrain repetitious suits on an adjudicated cause of action was ordered. The decision states that the application for such injunction has been known in some jurisdictions as a bill of peace, and quotes from 2 Story's Equity Jurisprudence, 14th Ed., section 1179, as follows:

" 'Another class of cases to which bills of peace are now ordinarily applied, is where the plaintiff has after repeated and satisfactory trials established his right at law, and yet is in danger of further litigation and obstruction to his right from new attempts to controvert it. Under such circumstances Courts of Equity will interfere and grant a perpetual injunction to quiet the possession of the plaintiff and to suppress future litigation of the right.' "

In the decision the court refers to Gray v. Coan, 36 Iowa 296; Patterson & Co. v. Seaton, 64 Iowa 115, 19 N. W. 869; and Jones v. Hughes, 156 Iowa 684, 137 N. W. 1023, 42 L.R.A., N. S., 502, as early Iowa cases which seem somewhat out of harmony with the doctrine, and points out that said cases turned on peculiar facts. Wabash Railway Co. v. Peterson, 187 Iowa 1331, 1339, 175 N. W. 523, 527, makes similar reference to Gray v. Coan, supra.

In Smith v. Cretors, 181 Iowa 189, 198, 164 N. W. 338, 341, it is said of proceedings to quiet title that the (Iowa) statutory remedy is broader and more comprehensive than that afforded by a bill of peace under the chancery practice. Reference is there made to Reed v. Calderwood, 32 Cal. 109, 111, which was an ordinary action to quiet title, in which it was said that, al-

562

though plaintiffs were not in strictness entitled to a decree enjoining defendant from making any further contest on plaintiff's title—whether judicially or otherwise—the error should be disregarded as not affecting any substantial right of defendant; that with the injunction clause omitted, the decree would have been a bar, and the clause might be of positive service in preventing the bringing of suits by the defendant which, if brought, would be sure to fail. Without fully subscribing to that holding, its reasoning may be considered in determining the propriety of injunctive relief from the standpoint of comparative injury or balance of convenience.

Benedict v. Hall Mfg. Co., supra, cites many general supporting authorities. We conclude it enunciates the correct doctrine. To avoid question, any statements in Gray v. Coan, supra, and Jones v. Hughes, supra, contrary thereto are hereby overruled. The case at bar is clearly within the rule and the court did not err in granting injunctive relief.—Affirmed.

All JUSTICES concur.