# IN THE COURT OF APPEALS OF IOWA

No. 15-2144
Filed December 21, 2016

**JAY DRIESEN,**
        Plaintiff-Appellant/Cross-Appellee,

**vs.**

**MICHAEL SMITH,**
        Defendant-Appellee,

**MARGARET SMITH, RUTH A. KOOIMA, and MICHAEL JACOBSMA,**
        Defendants-Appellees/Cross-Appellants.
_____

        Appeal from the Iowa District Court for Lyon County, David A. Lester,

Judge.


        The plaintiff appeals from the district court's grant of summary judgment in

favor of the defendants.  The defendants cross-appeal on the issue of sanctions.

**AFFIRMED ON BOTH APPEALS.**


        Jay Driesen, Inwood, pro se appellant/cross-appellee.

        Steven K. Huff of Johnson, Miner, Marlow, Woodward, & Huff Professional

L.L.C., Yankton, South Dakota, for appellee Michael Smith.

        Michael J. Jacobsma of Jacobsma & Clabaugh P.L.C., Sioux Center, for

appellees/cross-appellants.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Jay Driesen filed a petition alleging the defendants had engaged in a number of fraudulent misrepresentations[1] resulting in their unjust enrichment. The district court granted summary judgment in favor of the defendants, and Driesen appealed. Three of the defendants—Margaret Smith, Ruth Kooima, and Michael Jacobsman—cross-appeal, claiming the district court should have imposed sanctions against Driesen.

Here, Driesen argues the 2007 default judgment should not have been entered against his limited liability company and the partial satisfaction, entered in 2012, was in error because the judgment was actually fully satisfied by the delivery of "truckloads of lumber." Driesen has attempted to raise these claims against these parties a number of times. By his own admission, he has brought these claims in United States District Court, South Dakota, and now in Iowa. He has not been successful before, and he is not successful here.

Driesen's claims fail for a number of reasons, already clearly laid out by the district court. Namely, Driesen lacks standing to bring these claims as they involve alleged harm done to a family farm (over which he has no authority), his sister (for whom he is not a fiduciary), and his limited liability company (which he cannot represent as a non-lawyer employee, officer, or shareholder). Moreover, several of the claims stemmed from actions allegedly occurring in 2007 and are outside of the statute of limitations. Finally, as the district court noted, "Even if otherwise making actionable claims, [Driesen] is additionally prevented from

---

[1] Driesen refers to his claims as fraud throughout, but we note that he cites case law and pleads his claims to support allegations of fraudulent misrepresentation.

bringing his fraud allegations through res judicata." At the time Driesen filed his petition in Iowa, he had already been engaged with these defendants in the following litigation: 2007 default judgment against Driesen's limited liability company, 2011 Iowa enforcement action of the judgment, 2011 enforcement action to set aside the transfer of farmland, 2012 stipulation of partial satisfaction of the judgment, 2012 appeal of the partial satisfaction, and the federal action in 2013. His claims have been fully and fairly adjudicated by other courts, and we will not consider them again.

We affirm the district court's grant of summary judgment in favor of the defendants and the dismissal of Driesen's petition. *See* Iowa Ct. R. 21.26(1)(d).

We now turn to the defendants' cross-appeal. They assert the district court erroneously applied the law and abused its discretion when it declined to impose sanctions on Driesen. The court noted the defendants moved the court to impose sanctions against Driesen and filed a counterclaim against Driesen for abuse of process. Although the court dismissed Driesen's claims, trial still needed to occur on the defendants' counterclaim. The court overruled their motion for sanctions to "await the outcome of the trial on their counterclaim." Additionally, the court noted the defendants had "ma[d]e an interesting argument in support of their request for a bonding condition" but found it was "not authorized by rule or law under the present state of the record in this case."

Both Iowa Rule of Civil Procedure 1.413(1) and Iowa Code section 619.19(4) (2015) "create three duties known as the 'reading, inquiry, and purpose elements.'" *See Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 272 (Iowa 2009) (citation omitted). Those rules provide that the court may, "upon motion or upon

its own initiative," impose an appropriate sanction which may include the amount of reasonable expenses incurred, including attorney fees. *See* Iowa R. Civ. P. 1.413(1), Iowa Code § 619.19(4). In fact, "[i]f a document is signed in violation of rule 1.413, the court is required to impose an appropriate sanction." *Barnhill*, 765 N.W.2d at 272. As we understand it, the court's statement that the defendants must wait to get their ruling on sanctions until after the trial is not a statement that the result of the tort claim and motion for sanctions were dependent upon each other, but rather that it was premature for the court to decide the issue before the end of the proceedings. We agree. *See K. Carr v. Hovick*, 451 N.W.2d 815, 817 (Iowa 1990) ("While abuse of process may be raised as a counterclaim, a claim for malicious prosecution may not; such an action must await final determination of the underlying case."). The defendants later filed a voluntary dismissal of their counterclaims, so the court never again considered their motion for sanctions. We cannot say the court erred or abused its discretion in failing to do so.

Next, we consider whether the court erred in determining that no rule or law allowed the court to impose a bonding condition on Driesen's possible future lawsuits. The defendants asked the court to enter an order which would require Driesen to file any future, similar actions with a cash bond in the amount of $50,000 as security for payment of any loss, costs, and attorney fees to be incurred by the defendants. While the defendants have provided some case law for the proposition that that court may restrain a would-be party from further litigating an action, "this power will be exercised with caution and only in a clear case." *See Miller v. Ellis*, 5 N.W.2d 828, 830 (Iowa 1942). We understand the defendants' frustration at the ongoing litigation, but we cannot say the district

court erred in denying their request to impose a bond on Driesen in the future. *See Wall v. Cty. Bd. of Ed.*, 86 N.W.2d 231, 237 (Iowa 1957) (reversing the district court's "bill of peace" because the supreme court failed "to find anything sinister, vexatious, or committing irreparable injuries").

The defendants also urge us to consider rule 1.413(2) as a means to provide relief. Iowa Rule of Civil Procedure 1.413(2) provides:

> If a party commencing an action has in the preceding five-year period unsuccessfully prosecuted three or more actions, the court may, if it deems the actions to have been frivolous, stay the proceedings until that party furnishes an undertaking secured by cash or approved sureties to pay all costs resulting to opposing parties to the action including a reasonable attorney fee

While this rule would allow the district court to order the type of bond condition the defendants request, nothing in the language of the rule suggests that we may use it to order the condition prospectively. That being said, the defendants are free to make use of this rule in the future if they find themselves involved in additional litigation.

We find no error with the district court's overruling of the defendants' request for sanctions and bonding condition, and we affirm.

**AFFIRMED ON BOTH APPEALS.**