(105 So. 2)

No. 25217.

## MISSOURI PAC. RY. CO. v. HARDEN.

(May 25, 1925. ˙Rehearing Denied June 22, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Injunction** ⬅️33—**Equity can restrain its own citizens from prosecuting suits in courts of other states and foreign jurisdictions.**

As a court of equity acts in personam, it can restrain its own citizens from prosecuting suits in courts of other states and foreign jurisdictions in proper cases.

2. **Injunction** ⬅️33—**District court had jurisdiction of one domiciled in parish, in suit to restrain him from prosecuting suit in another state.**

In carrier's suit to restrain passenger suing for injuries from prosecuting his suit in another state, brought in parish of domicile of defendant, district court had jurisdiction over defendant's person.

3. **Injunction** ⬅️33—**Whether injunction to be granted to restrain prosecution of suit in another state depends on facts in each case.**

Whether an injunction shall be granted against prosecution of suit in another state, to prevent vexatious harassment, oppression, or fraud, unconscionable or inequitable advantage, irreparable injury, invasion of domiciliary laws, etc., must be determined by facts in each case.

4. **Injunction** ⬅️118(1)—**Complaint in carrier's suit, to restrain passenger from prosecuting his suit for injuries in another state, held to state a cause of action.**

In carrier's suit to restrain passenger suing for injuries from prosecuting his suit in another state, on ground of fraud or evasion of domiciliary jurisdiction or harassment, complaint *held* to state a cause of action.

5. **Injunction** ⬅️128—**Evidence held not to show that passenger suing for injuries brought suit in another state to perpetrate fraud, evade jurisdiction, or to harass carrier.**

Evidence *held* not to show that passenger suing for injuries brought his suit in another state, to perpetrate a fraud on carrier, or to evade domiciliary jurisdiction, or with intent to harass or to put carrier to extra expense.

6. **Injunction** ⬅️33—**Generally injunction not issued to restrain suits in other jurisdictions from considerations of mere convenience.**

Generally injunctions will not issue to restrain suits in other jurisdictions from considerations of mere convenience.

7. **Injunction** ⬅️33—**Power to restrain suits in other jurisdictions to be exercised to prevent fraud or injustice.**

As power to restrain suits in other jurisdictions involves an interference with a court of co-ordinate jurisdiction, it is to be exercised to prevent fraud or injustice.

8. **Injunction** ⬅️33—**Court will not act on basis of distrust of courts of a sister state.**

Courts of equity, in granting injunction against suit in another state, will not act on basis of any distrust of courts of a sister state.

9. **Injunction** ⬅️33—**Suit by citizen of Louisiana in another state not restrained merely to enable defendant to remove suit to federal court.**

Equity does not require court to enforce jurisdiction of Louisiana courts over its own citizens, by enjoining them from suing else-

where, merely to enable a nonresident corporation to remove suit to a federal court.

**10. Injunction ⊙⟿186(3) — Damages allowed for dissolution of injunction held reasonable.**

Damages allowed for dissolution of an injunction, restraining passenger from prosecuting suit for injuries in another state, consisting of $250 as attorney's fees and $40 as necessary expenses of passenger incurred while attending trial, *held* reasonable.

Appeal from Tenth Judicial District Court, Parish of Concordia; N. M. Calhoun, Judge.

Suit for injunction by the Missouri Pacific Railway Company against Oskar Harden. Decree for defendant, and plaintiff appeals. Affirmed.

Hudson, Potts, Bernstein & Sholars, of Monroe, for appellant.

Albin Provosty, of New Roads, and Engle & Laub, of Natchez, Miss., for appellee.

LAND, J. The Missouri Pacific Railway Company is a Missouri corporation, with its domicile and principal offices located at the city of St. Louis.

Said company owns and operates a line of railroad through the town of Vidalia, Concordia parish, in this state, and sends its cars by transfer across the Mississippi river, and over the lines of the Natchez & Southern Railway Company into the state of Mississippi.

Defendant is a resident of Tensas parish, La. On or about July 30, 1921, at or near the town of Sycamore in Concordia parish, defendant was injured while a passenger on a train of plaintiff railway company, and on December 23, 1921, instituted suit against said company in the chancery court of Adams county, Miss., seizing, through garnishment process, certain interline accounts alleged to be due by the Mississippi railroads made garnishees, as well as certain interline box cars belonging to plaintiff railway company, and in the possession of the railroads so garnisheed.

Plaintiff seeks in this proceeding to restrain defendant from further prosecution of the suit brought by him in the chancery court of Mississippi.

Plaintiff's suit was instituted originally in the district court of Tensas parish. Exceptions to the jurisdiction ratione personæ and ratione materiæ, as well as of no cause or right of action, were filed and overruled. A temporary writ of injunction was issued, and, after the filing of the answer, the case was transferred, by consent of the attorneys, to the district court of Concordia parish, to be tried and disposed of on the merits.

The temporary writ of injunction was dissolved, with damages in favor of defendant, and plaintiff, railway company, has appealed.

[1, 2] 1. It is well settled that, as a court of equity acts in personam, it has the power to restrain its own citizens from prosecuting suits in the courts of other states and foreign jurisdictions in proper cases. Story, Eq. Juris. (13th Ed.) vol. 2, §§ 899, 900; Pomeroy Eq. Remedies, vol. 6, § 670; Pomeroy (3d Ed.) vol. 4, § 1361; American Express Co. v. Fox, 135 Tenn. 489, 187 S. W. 1117, Ann. Cas. 1918B, 1148; 59 Am. St. Rep. 879 et seq; 32 C. J. §§ 136, 137.

As the district court of Tensas parish is the court of the domicile of the defendant, it has jurisdiction over his person. The exception to the jurisdiction was therefore properly overruled.

[3, 4] 2. Plaintiff, railway company, has alleged the following grounds for the issuance of the injunction in this case: That the practice and procedure in the state of Mississippi, in the trial of personal injury cases, is different from that of the state of Louisiana; that juries in the former state are notoriously prejudiced as against defendants and the quantum of damages allowed is usually large and excessive; that, as plaintiff, railway company, has no lines or employees in the state of Mississippi, it does not maintain a legal department in that state, and will be compel-

led at a great expense to employ special counsel residing in that jurisdiction; that therefore the institution of this action by defendant in the chancery court of Adams county is, and was intended as, a fraud upon, and evasion of, the jurisdiction of the courts of this state, and was brought to annoy and harass petitioner, and to subject it to great and unnecessary expense incident to the trial, with the evident purpose of compelling by compromise a settlement of defendant's claim for damages, of obtaining a different or other form of remedy and relief than is afforded under the laws of this state, of securing greater compensation as damages than allowable under the laws of this state, and of depriving petitioner of the advantages enjoyed by it under the laws of the state of Louisiana in defending the suit.

While the decisions of the courts are not in accord as to the circumstances which will justify the issuance of an injunction in this class of cases, and while it is not possible to state a fixed rule covering all cases in which the relief will be granted, it appears, from the adjudged cases on the subject, that injunctions have been granted against suits in the courts of another state to prevent vexatious harassment, oppression, or fraud, unconscionable or inequitable advantage, irreparable injury, evasion of domiciliary laws, etc. However, each case must be determined by its own facts. 32 C. J, § 137; 14 R. C. L. 414.

Accepting as true the allegations of plaintiff's petition, as a whole, we concur with the trial judge in his finding that a cause of action is disclosed, and approve the overruling of the exception of no cause or right of action in this case.

3. However, the facts of the case, as they appear upon the trial of the merits, present a different legal aspect from the facts as alleged. If defendant had sued plaintiff, railway company, in the district court of Concordia parish, in this state, the trial would have been held at Vidalia in said parish, a little over a mile distant from the court of chancery held in Natchez, and in which defendant instituted suit against said company. Defendant was injured at Sycamore, in Concordia parish, in the latter part of July, 1921, and, for over two years before the date of the accident had resided with his family at Allen, in the state of Mississippi.

Defendant was still a resident of that state when he employed his attorneys, Brunini & Hirsch at Vicksburg, who later associated with them the law firm of Engle & Laub at Natchez in the bringing of this suit. Defendant did not become a resident of Waterproof, Tensas parish, La., until October 25, 1921, where he was residing on December 23, 1925, when he instituted his suit in the chancery court of Adams county, Miss.

The testimony of defendant shows that he gave no instructions to his attorneys as to the forum where the suit should be brought, and that he was unaware of the motives that actuated his attorneys in instituting the suit in the chancery court of Mississippi.

The testimony of Charles F. Engle, of the law firm of Engle & Laub, is to the effect that the suit was brought in the chancery court of Mississippi because of the decision of the Supreme Court of that state in July, 1921, sustaining the jurisdiction of chancery courts where the accounts of nonresident railroad companies were garnisheed, or the property of such companies had been attached in the state. Davis, Director General, v. Dantzler Lumber Co., 126 Miss. 812, 89 So. 148; Dantzler Lumber Co. v. Texas & P. R. Co., 119 Miss. 328, 80 So. 770, 4 A. L. R. 1669.

The witness further states that—

"This suit was not brought to annoy, harass, or put extra expense upon the Missouri Pacific Railway Company, but because the expense of the litigation there is not as high as in Louisiana—the court furnishes a stenographer, paid for by the state; and because for the further reason we could handle the case ourselves, in Mississippi, while, if we

brought it in Louisiana, we would probably have to associate a local attorney, as to matters of procedure, and also as to the question of liability."

The witness also explained that there were no trials by jury in the chancery courts of Mississippi, and that, while the law as to contributory negligence had been abolished in that state, yet, as to substantive law and liability, the Mississippi courts apply the law of the place of the accident, and had repeatedly done so through comity where the cause of action arose in Louisiana.

.In addition to the testimony of defendant and of Charles F. Engle, the record also contains the testimony of counsel for plaintiff, railway company.

[5] We agree with the able district judge in his conclusion that the evidence fails tó show that the defendant brought his suit in Mississippi for the purpose of perpetrating a fraud upon the railroad company, or for the purpose of evading the jurisdiction of the courts of this state, or with the intent to harass or to put said company to extra expense. On the contrary, it is apparent, from the facts of the case, that defendant has acted in good faith and most naturally in suing in his own courts, and in employing the attorneys of his own state, as he had a perfect right to do.

Plaintiff, railway company, escapes the peril of a prejudiced jury in the chancery court of Mississippi, and at the same time has the benefit of all the defenses which could be urged in our courts.

[6, 7] The proximity of the Mississippi court of chancery to the district court at Vidalia in Concordia parish is a complete answer to the charge of any intent on the part of defendant to harass plaintiff, railway company, or to subject said company to any unnecessary inconvenience or expense. The instant case is clearly differentiated from the case of Reed's Administratrix v. Illinois Central Railroad Company, 182 Ky. 455, 206 S. W. 794, an extreme case, in which the administratrix brought suit in the courts of Minnesota for the death of her husband, an employee of said company, who had been killed in the state of Kentucky. Reed had never resided in Minnesota. Unethical methods had been employed by the attorneys in that case to secure employment in the bringing of the suit, and the railroad company would have been subjected to unusual inconvenience and unreasonable expense in transporting its witnesses a distance of 1,000 miles from Kentucky to Minnesota. While· there may be sporadic cases holding that injunctions will issue to restrain suits in other jurisdictions from considerations of mere convenience, such is not the general rule followed in numerous well-considered cases. The power, involving, as it does, an interference with a court of a co-ordinate jurisdiction, is one to be exercised to prevent fraud or injustice. American Express Co. v. Fox, 135 Tenn. 485, 187 S. W. 1117, Ann. Cas. 1918B, 1148, note at page 1151, left-hand column.

If a citizen of this state can be enjoined from bringing a suit in the courts of another state, merely upon the ground of some inconvenience, or some extra expense, to the defendant, or upon the ground of mere diversity in practice and procedure, it is clear that all of the citizens of this state would be perpetually debarred from exercising such legal right.

It is equally clear that there would be also a general restraint of such right, if the mere fact of bringing such suit per se should constitute proof of fraud, harassment, evasion of domiciliary laws, etc.

In the case of Lehigh Valley Railroad Co. v. Andrus, 91 N. J. Eq. 225, 109 A. 746, it was held that, where the court of a sister state has jurisdiction of the subject-matter, equity will not interfere unless upon a clear showing that the process is being used in an unconscionable manner—oppressively—and unless the case involves some equitable element which the foreign court cannot apply.

In Bigelow v. Old Dominion Copper Min., etc., Co., 74 N. J. Eq. 457, 71 A. 153, Chancellor Pitney of New Jersey observed:

"They must be *very special circumstances* that will justify this court in restraining the prosecution of an equitable action *already pending* in a court of such ample jurisdiction. I speak, not of any limitation upon the power of this court, but *upon the propriety* of its exercise in the particular case. Its exercise is not to be properly based upon any theory that this court knows better how to do justice than the court of last resort of that commonwealth; that it can weigh evidence better or more justly apply to the facts any general principle of law or of equity, nor upon the ground that this court recognizes different rules of law or of equity from those which obtain in the commonwealth." (Italics ours.)

[8] Courts of equity will not act upon the basis of any distrust of the courts of a sister state. Jones v. Hughes, 156 Iowa, 684, 137 N. W. 1023, 42 L. R. A. (N. S.) 502.

In addition to this, it must be considered that the inconvenience and expense to defendant, if forced to sue plaintiff, railway company, at Vidalia in Concordia parish in this state, may be as great to him proportionately as it may be to said company to try the case at Natchez, Miss. The inconvenience and expense in the trial of the case, whether here or in the state of Mississippi, seems to be equally balanced as to the respective litigants.

There is no diversity of citizenship between the parties to the suit in the chancery court of Mississippi; the plaintiff in that suit being a citizen of the state of Louisiana, and the defendant, railway company, being a citizen of the state of Missouri. Removal of said suit by the railroad company to a federal court in the state of Mississippi is therefore not possible. However, should we grant the relief here sought, and enjoin the defendant, Harden's, suit in Mississippi, and thereby compel him to sue plaintiff, railway

158 La.—29

company, in the parish of Concordia, in this state, there would be diversity of citizenship, and we may as well anticipate the exercise by plaintiff, railway company, of its legal right to remove the suit to the federal court at Monroe, La. The result would be an injustice to defendant as a citizen of this state, as he would be subjected, without doubt, to much of the very expense and inconvenience which the complainant seeks to avoid for itself in the present case.

"It is obvious," as said by the Supreme Court of Tennessee, "that our citizens should not be restrained from asserting their rights against any person in other forums, and compelled to litigate with such person in our own courts, unless we can also restrain that person from litigating elsewhere, and force him to yield to the jurisdiction of our courts." American Express Co. v. Fox, 135 Tenn. 489, 187 S. W. 1117, Ann. Cas. 1918B, 1148.

[9] As we would be powerless to compel plaintiff, railway company, to submit to our jurisdiction, because of its right to remove the controversy to the courts of the United States by reason of diversity of citizenship, we shall deny the relief sought by said company, as equity does not demand that we shall enforce the jurisdiction of our courts over our own citizens merely for the purpose of enabling a nonresident corporation to remove the suit to a federal court.

[10] The damages allowed for the dissolution of the injunction consist of $250 as attorney's fees and $40 as necessary expenses of defendant, incurred by him in attending the trial of the case. The damages are reasonable, and are sustained by the evidence. We see no good reason for an increase of damages as prayed for by appellee.

Judgment affirmed.

O'NIELL, C. J., absent.