150 So. 860

**NEW ORLEANS & N. E. R. CO. v. BER-NICH et al.**

**In re BERNICH et al.**

No. 32439.

Oct. 30, 1933.

Maurice B. Gatlin, of New Orleans, for relators.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for respondent.

BRUNOT, Justice.

It appears that a child of the relators found a fusee on the railroad track, in the city of New Orleans, that served the terminal uses of the plaintiff railroad company. The child removed the fusee. Subsequently, while children were examining or playing with the fusee, it exploded. The clothing of relators' child was ignited by the explosion and the burns resulting therefrom caused the child's death.

The relators and the brothers and sisters of the deceased child filed a suit against the plaintiff in the circuit court of Pearl River county, Miss., for the recovery of damages for the death of the child. The plaintiff, a Louisiana corporation, domiciled in the city of New Orleans, petitioned the civil district court of Orleans parish for an injunction restraining the relators, who are residents of Louisiana, from prosecuting the suit filed by them in Mississippi upon a cause of action arising out of a pleaded tort alleged to have been committed in Louisiana. The civil district court issued a temporary restraining order and a rule nisi. After a hearing thereon, the rule was perpetuated and the plaintiff was granted a preliminary injunction, as prayed for in its petition.

█ Relators complain that, pending **a** hearing on the rule nisi, they offered to file a motion to dissolve the temporary restraining order on two days' notice, but the court would not consent to hear the motion before the following return day of the court. It appears that, if filed, the motion would have presented no issue other than the issues which were adjudged on the trial of the rule

nisi. It is manifest that this complaint presents only a moot question.

█ We will say, at the outset, that if we recall the writ of certiorari and deny the application of the relators, the Mississippi courts will respect the injunction issued in this case, as a matter of comity. Fisher v. Pacific Mutual Life Insurance Co., 112 Miss. 30, 72 So. 846.

The jurisdiction and powers of the courts of a state, in proper cases, to enjoin the prosecution of suits by its citizens in other states, has been recognized by the United States Supreme Court in several cases. Notably, in Cole v. Cunningham, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538; Bradford Electric Light Co. v. Clapper, 286 U. S. 145, 52 S. Ct. 571, 76 L. Ed. 1026, 82 A. L. R. 696.

We will also state that there is a fundamental difference between the law and procedure of Mississippi and that of Louisiana. For instance, in Mississippi, the brothers and sisters of a deceased have a common interest with the parents of the deceased in the prosecution of suits for the recovery of damages for the death of their deceased brother or sister. In fact, in the case the relators are enjoined from prosecuting, the brothers and sisters of the deceased are coplaintiffs with their parents, asserting an independent claim for damages to themselves, by reason of their sister's death. (See Civ. Code art. 2315).

In another respect, the power of the Supreme Court of Mississippi to reverse jury verdicts is very limited, as compared to that of the Louisiana Supreme Court.

The relators rely upon the cases of Lancaster et al. v. Dunn, 153 La. 15, 95 So. 385,

387; Missouri Pacific Railroad Co. v. Harden, 158 La. 889, 105 So. 2, 4, and upon several cases from other jurisdictions of somewhat similar import.

The relators contend that the cited cases are directly in point, and that the facts in the Harden Case are, in all material respects, identical with the facts of this case. In the Lancaster Case the suit was brought under the Federal Employers' Liability Act (45 US CA §§ 51–59). In that case the court said:

"The Federal Employers' Liability Act expressly conferred upon the defendant in this suit the right to bring her action for damages or compensation in the court in which she brought it."

In the Missouri Pacific-Harden Case, Harden was, at the time, and had been, a resident of Mississippi for more than two years before he was injured, in Concordia parish, La., while a passenger on a train of the plaintiff railway company. He was still a resident of Mississippi when he employed counsel to institute suit for the recovery of damages, but pending the filing of the suit he became a resident of Tensas parish, La. The suit was filed in the county of his former domicile in Mississippi, by his attorneys, without instructions from him as to the forum in which it should be brought.

The Missouri Pacific sued Harden, in Tensas parish, to enjoin him from prosecuting his suit in Mississippi, and obtained a preliminary injunction. By consent, the case was transferred to Concordia parish, where it was tried on the merits, and the preliminary injunction was dissolved with damages. The judgment was appealed from, and, on appeal, it was affirmed.

The court did not base its decision on the facts alleged in the petition for injunction. We quote from the opinion the following:

"However, the facts of the case, as they appear upon the trial of the merits, present a different legal aspect from the facts as alleged."

█ The return of the trial judge shows that relators' application for a rule nisi on their motion for a new trial was properly denied, because the motion merely questioned the correctness of the judgment rendered, and presented no new issue for consideration.

█ Counsel for respondent have filed an exhaustive brief, and have cited a great many authorities in support of their several contentions, but, in our opinion, the respondent's right to the injunctive relief granted by the learned trial judge is so manifestly in accord with the great weight of authority in this country, that it would be a vain and useless task to cite and comment upon the long list of cases which are directly in point.

For the reasons stated, the writ of certiorari, issued herein, is recalled and vacated, and relators' application is dismissed at their cost.