38 P.(2d) 1106

**SOUTHERN PAC. CO. v. BAUM.**

No. 3974.

Supreme Court of New Mexico.

Dec. 11, 1934.

Del W. Harrington, of El Paso, Tex., James L. Briscoe, of Tucumcari, and E. R. Wright, of Santa Fé, for appellant.

Sydney Smith and Abner S. Lipscomb, both of El Paso, Tex., and Myron B. Keator, of Tucumcari, for appellee.

BICKLEY, Justice.

Appellee, Baum, a resident of New Mexico, claiming to have been injured through the negligence of appellant, operating a line of railroad in Texas and New Mexico, commenced a damage suit in the courts of Texas under what is known as the Federal Employers' Liability Act (45 USCA §§ 51–59), which gives him the right to maintain his cause of action at any point where the defendant may be doing business and where the courts will take jurisdiction thereof.

Appellant sought an injunction from the district court of Quay county, N. M., to restrain appellee from maintaining his suit in Texas or from going outside of the state of New Mexico to maintain it.

The grounds for the injunction stated in the complaint are thus summarized by appellant:

"Prior and subsequent to the date of appellee's injuries and when the Texas suit was instituted there was maintained a court of competent jurisdiction in Quay County, New Mexico, to-wit, the District Court for the Ninth Judicial District, in which he could have instituted and prosecuted to final judgment his suit against appellant with equal security to his legal rights as in the Texas courts, without the assumption of greater burden than would be incurred in the prosecution of his suit in Texas; that many witnesses, both employe and non-employe, cognizant of the facts surrounding appellee's injuries, reside at Tucumcari, including the physician who treated him, who could not by any legal process be required to attend upon a trial outside New Mexico; as to all non-employe witnesses, it might have to depend upon the unsatisfactory and disadvantageous method of proof by depositions; that it could not know in advance with reasonable certainty the definite date of trial in El Paso, or what witnesses would be required to rebut appellee's case; that if compelled to take all its employe witnesses from Tucumcari to El Paso, 331 miles, it would necessitate their absence for several days from the performance of their railroad duties in interstate commerce, rendering it necessary during their absence for appellant at great expense to employ other persons to perform their duties; that the maintenance of his suit in Texas would deprive it of the possible right of a jury view of the premises, involve the taking away its records, result in interference with its railroad operations in intra and interstate commerce, the incurring of great and unnec-

essary additional expense and inconvenience and subject it to hardship, injury and damage, and give appellee an inequitable, unjust and unconscionable advantage over appellant, for none of which it had adequate legal remedy—all of which injustices and burdens could be avoided if suit were brought and tried in Quay County, New Mexico, where appellee and most all the witnesses resided, where appellant is doing business and the transaction occurred, and an open court of competent jurisdiction capable of doing full and complete justice between the parties was and is at all times maintained."

Appellee answered, denying all the allegations of the complaint, except with respect to his residence and the filing of his suit in Texas, and averring that, if restrained from prosecuting his Texas suit, he would be deprived of counsel of his own choosing and be compelled to employ additional counsel at great burden; that following his injuries he was sent from Tucumcari to a hospital in El Paso where he was treated by three doctors of its staff; that, as most of the testimony supporting his action is of a medical nature, cognizable by doctors resident of El Paso, because of lack of finances he will be unable to secure their attendance at Tucumcari and compelled to rely on depositions at great expense. It is also asserted that the Texas suit was filed pursuant to a right conferred by the venue provisions of the Federal Employers' Liability Act (section 56, title 45, USCA), and that, if restrained, he will be deprived of a valuable right and of counsel of his own choosing.'

Upon the hearing, the court found that practically all the railroad company's witnesses resided in or near Tucumcari, N. M., where the injury to appellee occurred, and that such witnesses would have to be transported to El Paso for the trial of the damage suit, entailing additional expenses running into the hundreds of dollars (about $650) over and above the cost of trial in Quay county. We may add that it further appears that, if defendant should prevail in the Texas court, it would not be able to recover this item as costs.

Appellant thus summarizes the court's conclusions as follows:

"That the instant proceeding is an equitable one. * * * There is no doubt in the court's mind that it has power in cases of the present character to grant the relief prayed for by injunction; that the question of venue is one determined by the laws of the respective states. It is assumed that the State of Texas likewise has venue in cases of the present character. It would be with reluctance that the court would grant an injunction to enjoin a party litigant from proceeding with his cause of action in another state. * * * If the State of Texas, or any other state, by its Statute confers venue of an action, ordinarily the party living there, the plaintiff has a right to select the forum in which to bring his suit. * * * Neither the element of fraud nor malice enters into this case. It had not been shown that the Texas suit was brought to harass, vex, or annoy appellant, and the only real ground is the question of inconvenience and extra ex-

pense, also the further question of the opportunity of having a jury view of the premises upon which the accident occurred. Procedure for jury view is used sparingly in this court's jurisdiction. Its experience has been that in such cases the jurors acquire or come into possession of incompetent testimony, and for that reason a jury view of the premises is only permitted under extraordinary circumstances.

"Therefore, premises considered, it is beyond the bounds of propriety to grant the injunctive relief."

■ Appellant's first contention is that, in appeals from the action of the trial court in equitable proceedings, "the appellate court will review the evidence and conclusions reached by the chancellor as a case of first impression disregarding the rule prevailing in actions at law that the findings will be adhered to on appeal where there is substantial evidence to support them."

In so far as we may be called upon to review findings of fact in an equity case, the appellant is mistaken. See A. & C. R. R. Co. v. D. & R. G. R. Co., 16 N. M. 281, 117 P. 730; Fraser v. Bank, 18 N. M. 340, 137 P. 592; Grissom v. Grissom, 25 N. M. 518, 185 P. 64; Massengill v. City of Clovis, 23 N. M. 519, 270 P. 886.

This is a reviewing court, and, so far as the facts are concerned, we review with deference the findings of the chancellor. In Martinez v. Floersheim M. Co., 27 N. M. 245, 199 P. 905, an injunction case, it was held that the finding of the trial court of fraud and collusion in making a transfer of property to defraud a creditor was a finding of fact not to be disturbed on appeal where substantial evidence supported the finding. Except in so far as the chancellor's statement that fraud and malice did not appear may be considered as a finding of fact, the foregoing rule of review has little bearing on the case at bar. But we may not ignore the chancellor's finding that the evidence did not show that the Texas suit was brought to harass, vex, or annoy appellant. Appellant does not claim that it proved that the appellee entertained a bad motive in bringing his suit in Texas. Appellant proved no more than the burden which it would have to bear of additional expense and inconvenience to itself and its witnesses. It asserts that this injury alone entitles it to the injunction independent of motive. Appellant cites two cases, both from the state of Indiana: Kern v. Cleveland, C., C. & St. L. Ry. Co., 204 Ind. 595, 185 N. E. 446, and Cleveland, C., C. & St. L. Ry. Co. v. Shelly (Ind. App.) 170 N. E. 328, where inconvenience and extra expense involved have been held sufficient to warrant the interference of equity.

The Indiana court thought the facts without reference to actual intention afforded an instance of vexatious litigation which should be condemned. In neither of the Indiana cases did the plaintiff suing in the foreign jurisdiction give any explanation of why such forum was selected. In the case at bar the appellee, Baum, gave reasons for instituting his suit in El Paso instead of the place of his residence in New Mexico. He said this was "because the Brotherhood retains a Regional Director and Attorney, and they furnish a

Special Investigator to investigate all cases, and we pay our part to that as a Brotherhood man, and are supposed to employ their attorneys which we do in order to get the special investigation that the railroad companies would beat us out of in any other way."

He also asserted that following his injury he was sent from Tucumcari to a hospital at El Paso where he was treated by three doctors of its staff, and that, as most of the testimony supporting his action is of a medical nature, cognizable by doctors who are residents of El Paso, because of lack of funds he will be unable to procure their attendance at Tucumcari and compelled to rely upon depositions of such witnesses at great expense. We think the Indiana cases are distinguishable upon the facts, but, if they are not, we nevertheless, while entertaining a great respect for the Indiana courts, are of the opinion that the contrary view is sustained by the better reasoning and decisions of courts of other jurisdictions of high standing.

The Louisiana Supreme Court in Missouri Pac. Ry. Co. v. Harden, 158 La. 889, 105 So. 2, 5, thus appraises the conflict in the decisions: "While there may be sporadic cases holding that injunctions will issue to restrain suits in other jurisdictions from considerations of mere convenience, such is not the general rule followed in numerous well-considered cases."

Following are a few illustrations which support the view of the Louisiana court:

After the passage of the last Federal Employers' Liability Act, a case shortly arose wherein an injunction was sought to prevent the prosecution of a case thereunder. Chicago, M. & St. P. Ry. Co. v. McGinley, 175 Wis. 565, 185 N. W. 218, 222. This was a case where McGinley had filed suit against the railroad company in the state of Minnesota for personal injuries sustained in the state of Wisconsin. The railroad company obtained an injunction in the state of Wisconsin restraining the prosecution of the cause of action in Minnesota, and an appeal was taken from the decree granting the injunction. The railroad company had set up several grounds to sustain the injunction, among which were that the railroad company would be inconvenienced if compelled to try the case in Minnesota; that the expense of trying the case in Minnesota would be greater than if tried in the state of Wisconsin; that a trial in Minnesota would deprive the jury of a view of the premises; that the trial was 500 miles from the place where the accident happened. The railroad company further contended an injunction should be granted because about 15 witnesses in its behalf resided in Wisconsin and that the Minnesota court had no power to compel their attendance in Minnesota which would make the taking of depositions necessary; thereby depriving them of the right of having their witnesses appear and personally testify. In reversing the decree granting the injunction, the Supreme Court said: "The court has seriously considered the contention last referred to, and is of the opinion that this contention is not entirely without merit. The court fully recognizes the importance to a party of having its witnesses appear personally in court.

It also appreciates what is claimed by the plaintiff that the attendance of the Wisconsin witnesses upon the trial in the Minnesota court involves some considerable expense. It cannot be denied that a situation may be presented where the selection of a forum may work hardship or oppression. However, the action was brought in a neighboring state, and while the distance may be considerable, we cannot say we are satisfied that such selection of a forum on the part of the defendant herein, for the trial of his action, will work such hardship or oppression as to warrant the intervention of the powers of a court of equity to restrain the further prosecution of such action. * * * We therefore conclude that the inability of the plaintiff herein to compel the attendance of its witnesses in the trial court in the state of Minnesota, and the additional expense involved in producing such witnesses upon such trial, and the fact that the testimony of some of the witnesses may have to be taken by deposition, does not constitute such oppression as justified the Wisconsin court in issuing its restraining order."

The court there made a very definite distinction between inconvenience and expense and hardship and oppression. We agree with appellee that there is no evidence in this case of any actual fraud or malice shown on the part of Baum or that the suit was filed in Texas, for the purpose of actually harassing, vexing, annoying, or causing expense to the appellant or for the purpose of securing to himself any secret advantage. If the evidence in the case at bar is sufficient to warrant the interference of a court of equity to

restrain a New Mexico litigant from commencing and prosecuting a case of this nature in the courts of Texas, then the right of an injured person to sue in a foreign jurisdiction in which the defendant is doing business, although not an absolute right, would be nullified entirely in most instances.

In line with the decision last quoted is the opinion of Judge Kenyon of the Circuit Court of Appeals for the Eighth Circuit in C., M. & St. P. Ry. Co. v. Schendel, 292 F. 326,.334. This was a case wherein suit was filed in the state of Minnesota by Schendel as administrator of the estate of one Baker, who was killed by the alleged negligence of the railroad company. Witnesses and deceased's widow lived in Iowa, and, when attempts to take depositions were made, the railroad company procured an injunction against the widow and witnesses enjoining them from testifying or doing any act in furtherance of said suit filed in Minnesota. The opinion states: "Appellant also claims the right to an injunction in the state court existed on account of injustice, hardship, oppression, and fraud in bringing the action in another state. * * * The mere hardship of defending a suit brought elsewhere than in the district where plaintiff or witnesses reside is hardly sufficient to warrant the interference of equity. If so, jurisdiction given by Congress could be limited in practically every case."

Illinois Life Insurance Co. v. Prentiss, 277 Ill. 383, 115 N. E. 554, 556, was a case where the Federal Employers' Liability Act is not involved, but the statement of the principle announced is of value. The insurance com-

pany contended that it would be impossible to compel any unwilling witnesses to appear before the Missouri court, and that to try said cause of action in Missouri would cause great expense and inconvenience to its witnesses. The Illinois Supreme Court therein stated: "That it may be inconvenient for appellee to go to a foreign state to try the suit, or that the maintenance of two suits will cause double litigation and added expense, is insufficient cause for an injunction against prosecuting the suit proposed to be brought in the state of Missouri and does not justify any interference by a court of equity."

In Missouri Pac. Ry. Co. v. Harden, 158 La. 889, 105 So. 2, 5, where the facts were somewhat similar to those in the case at bar, the court stated: "If a citizen of this state can be enjoined from bringing a suit in the courts of another state, merely upon the ground of some inconvenience, or some extra expense, to the defendant, or upon the ground of mere diversity in practice and procedure, it is clear that all of the citizens of this state would be perpetually debarred from exercising such legal right."

In American Express Co. v. Fox, 135 Tenn. 489, 187 S. W. 1117, 1118, Ann. Cas. 1918B, 1148, Fox was a resident of the state of Tennessee and brought suit in Mississippi for damages. The American Express Company brought suit in Tennessee seeking an injunction against Fox to enjoin prosecution of the suit in Mississippi. The express company contended that it could not compel the attendance of any of its witnesses in the state of Mississippi and other reasons, including those that it would be more convenient to try the case in Tennessee rather than Mississippi. The lower court granted the injunction. On appeal, the Supreme Court of Tennessee, reversing the judgment, said: "We cannot doubt that justice will be administered in the Mississippi courts, nor would we feel authorized in restraining the suit in Mississippi merely because it is more convenient for the complainant to litigate such matters in Tennessee, or because our practice may be more favorable to it. *It may be more convenient for Fox to litigate in Mississippi, and more to his advantage. We see no evidence of fraud or oppression, nor any attempt to evade domiciliary laws.*" (Italics ours.)

Thus we have an instance of a Supreme Court of a state recognizing the right of an individual who may have reasons, as the appellee has in the case at bar, for going to a foreign state to commence his suit. In the case at bar, appellee, Baum, gave a definite and clear reason for filing his suit in the courts of Texas. Surely the chancellor had a right to consider the force of appellee's reasons in weighing the equities and conveniences. Authority is not wanting to sustain appellee's proposition that, if convenience and extra expense alone are sufficient grounds warranting the interference of equity in cases like the one at bar, then it would be possible in almost every case filed under the Federal Employers' Liability Act (45 USCA §§ 51–59) for the interstate carrier defendant to enjoin the prosecution of an action against it where filed in a jurisdiction foreign to the residence of the plaintiff. In Lancaster v. Dunn, 153 La. 15, 95 So. 385, 388,

the Supreme Court of Louisiana, speaking of inconvenience and extra expense as a ground for injunction in cases of this sort, said:

"If that were a sufficient consideration for forbidding the filing of such a suit elsewhere than at the place where the cause of action arose, the defendant could, in almost every case, successfully demand that the action be brought where the cause of action arose. We cannot assume that the CONGRESS OF THE UNITED STATES, IN ALLOWING SUCH AN ACTION TO BE BROUGHT 'IN THE DISTRICT * * * IN WHICH THE DEFENDANT SHALL BE DOING BUSINESS AT THE TIME OF COMMENCING SUCH ACTION,' DID NOT HAVE IN MIND THE INCONVENIENCE THAT WOULD RESULT, IN ALMOST IF NOT QUITE EVERY CASE, FROM BRINGING THE SUIT ELSEWHERE THAN AT THE PLACE WHERE THE CAUSE OF ACTION AROSE." (Capitals ours.)

As we understand the contention of appellant, it is that the inconvenience and extra expense and the fact that they cannot compel the attendance of witnesses resident in New Mexico in the Texas courts amounts as a matter of law to fraud, oppression, and injustice and constitutes vexatious litigation. The court in M.-K.-T. R. Co. v. Ball, 126 Kan. 745, 271 P. 313, 314, dealt with this suggestion. In that case, one David Ball was killed while working for the plaintiff company in the state of Kansas where he and his widow resided. Thereafter his widow brought suit in the state of Missouri under the Federal Employers' Liability Act (45 USCA §§ 51–59). The plaintiff then filed suit seeking an injunction restraining the prosecution of the cause of action in the Missouri courts upon various grounds, among which were that a great number of witnesses for plaintiff resided in the state of Kansas, and to take these witnesses to Missouri to try the case would cause great inconvenience and expense to them. The court said: "It will be noted that there was no finding of fraud or oppression on the part of the defendant in the bringing of the action in Missouri. Nor indeed could such a finding have been made under the evidence in the case. The only ground BROUGHT OUT IN THE TESTIMONY OF PLAINTIFF WAS THAT A GREAT NUMBER OF WITNESSES WOULD BE REQUIRED TO PROPERLY TRY THE CASE, AND THAT THEY RESIDED CONSIDERABLE DISTANCES FROM JOPLIN, MO., WHERE THE CASE WAS TO BE TRIED. NOTHING WAS SHOWN ABOUT THE MOTIVE OF THE ADMINISTRATRIX IN BRINGING THE ACTION IN MISSOURI, AND NO ATTEMPT WAS MADE TO PROVE THAT SHE WAS ACTUATED BY FRAUD OR A PURPOSE TO OPPRESS OR TO GAIN AN INEQUITABLE ADVANTAGE OF THE RAILROAD COMPANY OR TO HARASS OR ANNOY THAT COMPANY. THE ONLY INFERENCE TO BE DRAWN FROM THE TESTIMONY WAS THAT IT WOULD CAUSE INCONVENIENCE AND EXPENSE TO THE COMPANY." (Capitals ours.)

We think appellant's contention that the additional expense and inconvenience that will result to it unless appellee is restrained will be an inequitable and illegal

burden upon interstate commerce calling for the interference of equity is without merit. See Hoffman, J., et al. v. State of Missouri ex rel. Foraker, 274 U. S. 21, 47 S. Ct. 485, 71 L. Ed. 905; Schendel v. McGee, District Judge (C. C. A.) 300 F. 273.

We apprehend that a decision of each case will be controlled by its own facts. It is the general view that the power of courts of equity which the appellant invokes should be exercised sparingly and only when serious and grave reasons appear.

We do not mean to say that a showing of inconvenience and expense may not be made strong enough to warrant such relief as the appellant seeks. Here the suit of appellee is commenced in an adjoining state. He asserts inconvenience and expense to himself as a reason for not filing his suit in this state.

In the case at bar, the trial court weighed the equities of both parties, and, balancing the conveniences between them, refused to enjoin appellee from prosecuting the suit in Texas. We should not disturb the ruling unless it is manifestly wrong, and we are not convinced that it is. So we should affirm the judgment and it is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.