178 So. 377

NATALBANY LUMBER CO., Limited, v. McGRAW.

No. 34305.

Jan. 10, 1938.

Hudson, Potts, Bernstein & Snellings, of Monroe, and Bramlette & Bramlette, of Woodville, Miss., for appellant.

Carroll Buck, of Amite, for appellees.

ROGERS, Justice.

On September 13, 1935, Ernest F. McGraw, a resident of the city of Baton Rouge, state of Louisiana, while returning from a visit to members of his family residing in the town of Woodville, state of Mississippi, was seriously injured in a collision between an automobile he was driving and a log truck, which occurred near Laurel Hill, in the parish of West Feliciana, state of Louisiana.

On February 26, 1936, McGraw filed suit in the circuit court of Wilkinson county, state of Mississippi, for the recovery of $37,500 as damages for the injuries he suffered in the accident. In that suit he joined as defendants the Natalbany Lumber Company, Limited, and one Wardy Daniels, alleging that the lumber company was the owner and Daniels was the driver of the log truck. He also alleged that the lumber company was a Louisiana corporation, domiciled at Hammond, La., which was authorized to do and was doing business in Mississippi, and that Daniels was a resident of Wilkinson county, Miss.

On March 7, 1936, the Natalbany Lumber Company, Limited, and Daniels, its codefendant, instituted suits in the Nineteenth judicial district court for the parish of East Baton Rouge, state of Louisiana, seeking to enjoin McGraw from prosecuting his suit in the state of Mississippi, and on

March 9, 1936, the lumber company and its codefendant filed pleas in abatement in the Mississippi court, pursuant to which no further action has been taken in that court.

Answers were filed and issue joined in both suits for injunctive relief in the Louisiana court. Subsequently, and before his cause of action could prescribe, McGraw filed suit for the same alleged tort against the Natalbany Lumber Company, Limited, in the parish of Tangipahoa, state of Louisiana, where it maintains its domicile. Wardy Daniels was not made a party to that suit.

Restraining orders which were issued in both suits were continued from time to time until October 27, 1936, when the suits by agreement were consolidated and tried together on the merits. On January 15, 1937, separate judgments were rendered in favor of the Natalbany Lumber Company, Limited, and Wardy Daniels, plaintiffs, against Ernest F. McGraw, defendant, forever enjoining the defendant from further proceeding with his action against plaintiffs in the Mississippi court. These judgments were signed on January 27, 1937, and on January 28, 1937, McGraw applied for and was granted orders of appeal therefrom. By consent of counsel the appeals were consolidated for hearing in this court, with the proviso, however, that a separate judgment be rendered in each case.

Plaintiffs, in their petitions, allege that the Natalbany Lumber Company, Limited, is and always has been a Louisiana corporation, with its domicile at Hammond, La.; that Wardy Daniels is and always has

been a resident of the parish of Rapides, La.; that Ernest F. McGraw is and has been since 1920 a resident of the parish of East Baton Rouge, La.; and that the accident in which McGraw was injured occurred in the parish of West Feliciana, La.

Plaintiffs allege that McGraw's suit should have been brought in the parish of West Feliciana, where the accident occurred, or in the parish of Tangipahoa, the domicile of the Natalbany Lumber Company, Limited, or in the parish of Rapides, the domicile of Wardy Daniels, and not in Wilkinson county, state of Mississippi, which had no jurisdiction either of the parties or of the subject-matter of the suit.

Plaintiffs allege that Wardy Daniels was made a codefendant in the suit filed by McGraw in Mississippi for the purpose of evading the jurisdiction of the Louisiana courts, and in order that McGraw might obtain an advantage which he did not have or possess in those courts.

Plaintiffs allege that the practice and procedure in the courts of the state of Mississippi in the trial of personal injury suits is wholly different from that in the courts of the state of Louisiana; that personal injury cases are tried before a jury in Mississippi, the quantum of damages allowed is usually excessive, and the power of the Supreme Court of Mississippi to reverse jury verdicts is very limited as compared to that of the Supreme Court of Louisiana.

Plaintiffs allege that in Louisiana the Natalbany Lumber Company, Limited, would have a legal right to plead in the alternative the contributory negligence of

McGraw, which, if established, would completely bar any right of recovery in this state, whereas, in the state of Mississippi, the plea of contributory negligence in tort actions is no bar to the recovery of damages and can only be used to diminish the damages.

The testimony in the record satisfies us as it satisfied the trial judge that Wardy Daniels is a resident of Rapides parish, La., and not of Wilkinson county, Miss. He was born and reared in Rapides parish and lives with his father and mother near the town of Boyce in that parish. Daniels follows the calling of truck driver or log hauler. In the pursuit of his calling he is often absent from his home in Rapides parish for short intervals, but during his temporary absences pays frequent visits, practically every two weeks, to his home.

█ The testimony shows that on September 1, 1935, Daniels accepted temporary employment as a truck driver for one of his relatives residing in Wilkinson county, Miss., and that he had only been in that state about thirteen days when the accident occurred. Previous to that time Daniels had been living at his home in Louisiana. When he left home he took with him only a few of his clothes and personal effects.

Not only had Daniels been in Mississippi only about thirteen days when the accident occurred, but he also continued to exercise his rights as a citizen of Rapides parish, and voted there in the state-wide election of 1936, which was several months after the accident happened.

The disputed question of the domicile of Wardy Daniels having been determined, the facts disclosed by the record are that McGraw, plaintiff in the suit in the Mississippi court, is a resident of Louisiana; the defendant Wardy Daniels is also a resident of Louisiana; the defendant Natalbany Lumber Company, Limited, is a Louisiana corporation, with its domicile in Louisiana; and the accident in which McGraw was injured occurred in Louisiana; from which it follows that the Louisiana courts, and not the Mississippi courts, are vested with jurisdiction of the parties and of the subject-matter of the suit.

But appellant contends that, irrespective of whether the domicile of Wardy Daniels is in Louisiana or in Mississippi, he cannot be enjoined from the prosecution of his suit in Mississippi against the Natalbany Lumber Company, Limited, on a transitory cause of action, because the defendant lumber company is duly qualified to do and is doing business in Mississippi, with a resident agent for service of process. The record, however, shows that the Natalbany Lumber Company, Limited, although it owns some timber lands in Wilkinson county, Miss., has no office and no agent there for service of process.

█ As a general rule a tort action is transitory and may be entertained wherever jurisdiction of the offender may be found, whether a corporation or a natural person. Williams v. Pope Mfg. Co., 52 La.Ann. 1417, 27 So. 851, 50 L.R.A. 816, 78 Am.St.Rep. 390.

But the question of whether the courts of Mississippi may take jurisdiction of McGraw's suit as a transitory cause of action arising in Louisiana, where the defendant lumber company may be locally found and served, although the parties litigant are domiciled in this state, is not the question involved in this case.

■ The Natalbany Lumber Company, Limited, plaintiff in this case, invokes another principle which is also well settled by the highest authority. This principle is stated in Story's Equity Jurisprudence, §§ 899, 900, as follows: "But although the courts of one country have no authority to stay proceedings in the courts of another, they have an undoubted authority to control all persons and things within their own territorial limits. When, therefore, both parties to a suit in a foreign country are residents within the territorial limits of another country, the courts of equity in the latter may act in personam upon those parties and direct them, by injunction, to proceed no further in such suit. In such a case, these courts act upon acknowledged principles of public law in regard to jurisdiction. They do not pretend to direct or control the foreign court, but, without regard to the situation of the subject-matter of the dispute they consider the equities between the parties and decree in personam according to those equities, and enforce obedience to their decrees by process in personam. * * * It is now held that whenever the parties are residents within a country, the courts of that country have full authority to act upon them personally, with respect to the subject of suits in a foreign country, as the ends of justice may require; and, with that view, to order them to take, or omit to take, any steps or proceedings in any other court of justice, whether in the same country, or in any foreign country."

The legal principle stated by Judge Story is affirmed by numerous decisions of the Supreme Court of the United States and of the highest appellate courts in many of the states. It is recognized and applied in this state. New Orleans & Northeastern R. R. Co. v. Bernich, 178 La. 153, 150 So. 860.

■ This power of restraint by the courts of a state over its own citizens is not to be used capriciously, nor merely to compel litigants to use the courts of their own state, nor even because the complainant has good reason to apprehend a less favorable result for himself in the foreign court. 14 R.C.L., § 119.

■ But the power will be exercised to prevent a citizen of a state from prosecuting an action against another citizen of the state in the courts of a sister state, where the purpose or necessary effect of such action is to obtain an advantage to which the plaintiff therein is not entitled at the domicile of the parties.

■ A purpose to evade the effect of the law of the domicile of the parties, by suing in a foreign state where the substantive law is materially different is everywhere recognized as a sufficient ground for injunctive relief. 14 R.C.L. § 116.

■ The decisive question presented in the case is whether there is such a difference between the law of Mississippi and the law of Louisana with respect to the effect

of McGraw's contributory negligence upon his right to a recovery for the negligence of the Natalbany Lumber Company, Limited, and with respect to the powers of the Supreme Court of Mississippi and the appellate courts of Louisiana to reverse jury verdicts, as would deprive the lumber company of a substantial right in resisting and defeating McGraw's suit in the Mississippi court.

In Louisiana it is a well-established rule of law that one who by his own negligence contributes to his injuries is not entitled to any recovery for the previous negligence of another.

In Mississippi the doctrine of contributory negligence is not recognized as a defense to an action in tort, but only as a means of diminishing the recoverable damages.

Also, the power of the Supreme Court of Mississippi to reverse jury verdicts is very limited as compared to that of the appellate courts of Louisiana.

In this case, it is plain that by resorting to the Mississippi court for the enforcement of his alleged claim against the Natalbany Lumber Company, Limited, McGraw seeks not only to deprive the lumber company of a perfect legal defense which would be available to the company in the Louisiana courts, but also of the benefits of an unrestricted review by the proper appellate court of Louisiana of the jury's verdict on the facts as well as on the law.

It is plain, also, that the sole purpose of impleading Wardy Daniels, an impecunious truck driver or log hauler, as a codefend-

ant of the Natalbany Lumber Company, Limited, in the suit in the Mississippi court was to obtain jurisdiction of the lumber company in that court.

This case, under its facts, clearly falls within and is governed by the decision of this court in the case of New Orleans & N. E. R. R. Co. v. Bernich, 178 La. 153, 150 So. 860.

Our conclusion is, therefore, that upon the pleadings and the evidence before him and the law appropriate thereto the trial judge properly issued the injunction herein.

For the reasons assigned, the judgment herein appealed from is affirmed.

HIGGINS, J., absent.